IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 13, 2000

## STATE OF TENNESSEE v. WALTER JACKSON

**Direct Appeal from the Criminal Court for Knox County**
**Nos. 39993, 40441     Mary Beth Lebowitz, Judge**

———————————

**No. E1999-02186-CCA-R3-CD**
**January 24, 2001**

———————————

Walter Jackson appeals the judgment of the Knox County Criminal Court revoking his placement in the community corrections program and reinstating his original eight-year Department of Correction sentence. Prior to his revocation, Jackson was serving an eight-year community corrections sentence resulting from his 1991 guilty pleas to two counts of sale of cocaine. Jackson challenges the revocation of his community corrections sentence and the redesignation of his confinement with the Department of Correction. Finding that the trial court did not abuse its discretion, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Mark E. Stephens, District Public Defender, Paula R. Voss (on appeal) and Marie Steinbrenner (at trial), Assistant Public Defenders, Knoxville, Tennessee, for the Appellant, Walter Jackson.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, R. Stephen Jobe, Assistant Attorney General, Randall E. Nichols, District Attorney General, and Leon Franks, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Appellant, Walter Jackson, appeals as of right the judgment of the Knox County Criminal Court revoking his eight-year community corrections sentence and redesignating his place of confinement with the Department of Correction. The Appellant's eight-year sentence stems from his convictions for class B and class C felony sales of cocaine. Following a sentencing hearing in April 1991, the trial court suspended the Appellant's concurrent eight-year and three-year sentences and imposed an eight-year term of supervised probation. The Appellant's probation was revoked on October 22, 1993. The trial court's minutes reflect the following ruling:

. . . Petition for Revocation of Probation is hereby dismissed and the defendant is placed on the Community Alternative to Prison Program, to expire October 21, 2001. Defendant's placement on the Community Alternative to Prison Program is conditioned upon his not hereafter violating any of the laws, of any State or of the United States or being guilty of any misconduct inconsistent with good citizen- ship. It is further conditioned that he shall pay the costs in this cause. . . . [1]

On April 26, 1994, a violation of the CAP Program warrant issued alleging violation of the following CAPP rules:

Rule #6, . . . failing to be actively employed;
Rule #7, . . . failing to keep his curfew;
Rule #9, . . . failing to pay Court costs;
Rule #10, . . . failing to report for supervision and counseling;
Rule #12, . . . failing to submit to random drug screens;
Rule #13, . . . failing to attend educational programs;
Rule #15, . . . failing to perform community service; and
Rule #16, . . . failing to pay community corrections fees.

---

[1]We are constrained to note the inconsistencies advanced by the record regarding the exact manner of sentence the Appellant was serving at the time of his revocation. The record suggests that the Appellant was serving a sentence imposed under the Community Correction Act. In this regard, we would note that if the trial court intended the sentence to be a community corrections sentence, the sentence would be illegal as there is no authority in the Criminal Sentencing Reform Act of 1989 for the imposition of a community corrections sentence following revocation of probation. See TENN. CODE ANN. §§ 40-35-310, 40-35-311; State v. Bowling, 958 S.W.2d 362, 363 (Tenn. Crim. App. 1997); State v. Bruce Cole, No. 02C01-9708-CC-00324, (Tenn. Crim. App. at Jackson, June 11, 1998); State v. Roger Dale Vance, No. 03C01-9808-CC-00317 (Tenn. Crim. App. at Knoxville, Aug. 31, 1999). Moreover, we note that the Appellant's original term of probation was to expire on April 26, 1999, thus, the court's 1993 transfer of the Appellant to the CAP Program extended the period two years. This action is consistent with a term of probation or probation coupled with community corrections and is inconsistent with a sentence of community corrections. See generally TENN. CODE ANN. § 40-35-308(c). Despite these contradictions, the same general principles applicable to a probation revocation proceeding are equally relevant to revocation of a community corrections sentence. State v. Harkins, 811 S.W.2d 79, 83 (Tenn. 1991). Nonetheless, we emphasize the importance of clearly articulating the precise nature and manner of service of the sentence and the avoidance of imposing non-statutorily authorized sentences.

**Analysis**

A trial judge may revoke a suspended sentence if the court should find by a preponderance of the evidence that the defendant has violated the conditions of probation. TENN. CODE ANN. § 40-35-311(b)-(d). In other words, proof need not be established beyond a reasonable doubt. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

This court reviews a revocation under an abuse of discretion standard. See State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing Harkins, 811 S.W.2d at 82; State v. Delp, 614 S.W.2d 395 (Tenn. Crim. App. 1980)). This means that the evidence need only show that the trial judge has exercised "conscientious and intelligent judgment in making the decision rather than acting arbitrarily." See State v. Leach, 914 S.W.2d 104, 107 (Tenn. Crim. App. 1995) (citing Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980), perm. to appeal denied, (Tenn. 1981)). Thus, in reviewing the trial court's action, it is our obligation to examine the record and determine whether the trial court has exercised a conscientious judgment. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

The Appellant's challenge to his revocation from the CAP Program and resulting confinement in the Department of Correction is two-fold. First, he argues that he was not afforded minimal due process rights as required by Gagnon v. Scarpelli, 411 U.S. 778, 93 S. Ct. 1756 (1973); Delp, 614 S.W.2d at 397. Second, the Appellant contends that in resentencing him to TDOC, the trial court failed to consider the principles of sentencing and, in particular, his potential for rehabilitation or treatment.

It is undisputed that the due process guarantees addressed by Gagnon v. Scarpelli attached to this revocation proceeding. It bears repeating that these guarantees require: (a) written notice of the claimed violation; (b) disclosure to the probationer of the evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking probation. After review, we find these rights were afforded in this case. As an aside, we believe it instructive, however, to comment upon the Appellant's argument that the rules of the CAP Program allegedly violated were never proven at the hearing and, as such, the State failed to carry its burden of proof.

A grant of probation or placement in a community corrections program constitutes a behavioral contract between the defendant and the granting authority, the trial court. In order to satisfy notice requirements, the terms and conditions of the behavioral agreement should be reduced to written form and signed and acknowledged by the defendant. This memorandum should then be approved by the court and filed in the trial record. It is rudimentary law that the party seeking enforcement of a contract, in this case, the State, is first required to place into evidence the contract. This was not done in this case. Notwithstanding this failure, the warrant served upon the Appellant for violation of the CAP Program is included in the record. The warrant sets forth specific violations

-3-

of the Appellant's "program rules and regulations." Moreover, at the revocation hearing, the Appellant's case manager testified to various reporting requirements, community service requirements and the payment of fines which were imposed as conditions of the program. No objection was entered by the Appellant regarding the validity of these program requirements or to the CAPP warrant. For these reasons, objections to the State's failure to introduce the "rules of CAPP" at the hearing are waived.

With regard to the Appellant's second issue, this court has previously held that while the consideration of sentencing principles is mandatory in determining a defendant's original sentence, "reference to these principles is not necessary in determining the appropriate sanction following revocation of probation." State v. Howard Luroy Williamson, Jr., No. 02C01-9507-CC-00201 (Tenn. Crim. App. at Jackson, Sept. 30, 1996); see also State v. Stevie Q. Taylor, No. 02C01-9504-CC-00108 (Tenn. Crim. App. at Jackson, May 1, 1996) (application of sentencing principles appropriate to appellant's case concluded upon imposition of sentence). As such, this contention is also without merit.

Additionally, we conclude that the trial court did not abuse its discretion in revoking the Appellant's non-incarcerate sentence. The Appellant's case manager testified that the Appellant was placed in the CAP Program on October 22. He failed to report three days later, October 25. The Appellant did contact the office on October 25. At this time, he was told to report on October 29, which he did. The Appellant was then told to report on November 1; he failed to report from October 29 to November 8. Additionally, the case manager stated that, since the Appellant never obtained telephone service, she was unable to monitor compliance with his curfew. Although his attendance at counseling sessions was a requirement of the program, the Appellant "came [only] 19 out of 29 times." Specifically, he completed Alcohol and Drug I; he attended four of eight meetings in Alcohol and Drug II; he completed anger stress; he attended one meeting for self-esteem counseling; and he attended eight of sixteen individual counseling meetings. The case manager also testified that the Appellant only reported to her sporadically despite the condition that he report weekly. The Appellant failed to pay fines, he failed to do community service, he failed to pay fees, and he provided no verification of work. The Appellant last reported on March 21, 1994. After this date, he remained absent from the program for five years and seven months or until his arrest in October 1999.[2]

The Appellant's conduct demonstrates that he is ill-suited for a sentence involving release in the community. The Appellant has blatantly rejected all attempts at rehabilitation. In light of the Appellant's refusal to comply with program reporting requirements, the trial court was statutorily authorized to reinstate the Appellant's original eight-year Department of Correction sentence. See TENN. CODE ANN. § 40-35-310; TENN. CODE ANN. § 40-36-106(e)(4). Based on the record before us, we cannot conclude that the trial court abused its discretion in revoking the Appellant from his

---

[2]Interestingly, the proof also established that during the Appellant's five-year and seven month absence from the program, he continued to live with his sister and mother and remained employed as a waiter at the Radison for essentially this same period of time.

non-incarcerative status and by ordering the Appellant to serve his original sentences in the Department of Correction.

The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, JUDGE