IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned Briefs March 19, 2003

## STATE OF TENNESSEE v. RANDALL A. MYERS

**Appeal from the Circuit Court for Blount County**
**Nos. C-10338-10339; C-10375-10379; C-11902    D. Kelly Thomas, Jr., Judge**

---

**No. E2002-02198-CCA-R3-CD**
**June 6, 2003**

---

The Appellant, Randall A. Myers, appeals the revocation of his community correction sentences by the Blount County Circuit Court. Myers pled guilty to seven counts of deceptive business practices and eight counts of theft, and he received an effective four-year sentence. As a result of these convictions, he was placed on intensive probation but, following violations of his release, he was re-sentenced to community corrections. Myers then proceeded to violate his community corrections agreement, and the trial court ordered him to serve the remainder of his sentences in the Department of Correction. On appeal, Myers asserts that the evidence was insufficient to establish that the violations occurred. After review of the record before us, we find no error. Accordingly, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Mack Garner, District Public Defender; Julie A. Rice, Contract Appellate Defender, Knoxville, Tennessee, for the Appellant, Randall A. Myers.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Peter M. Coughlan, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Edward P. Bailey, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Procedural History

On June 2, 1997, the Blount County Grand Jury returned indictments against the Appellant for seven counts of felony theft and seven counts of deceptive business practices. The Appellant was again indicted on August 30, 1999, for an additional count of misdemeanor theft. He initially pled

guilty to the misdemeanor theft charge and received a suspended sentence of eleven months and twenty-nine days. On November 1, 2002, the Appellant entered guilty pleas to the remaining fourteen counts and received an effective sentence of four years, to be served on intensive probation. On April 23, 2002, a probation violation report was filed against the Appellant. Following a hearing, the trial court revoked the Appellant's probation based upon numerous violations and resentenced him to community corrections.

Shortly after the Appellant's placement into community corrections, he was charged with the following violations: (1) failure to provide employment verification; (2) failure to provide a correct home address and telephone number where contact could be established; (3) inability of the officers to conduct a home visit for four months; (4) failure to attend Cognitive Moral Restructuring Class meetings on fifteen occasions; and (5) failure to provide a DNA sample. Following a hearing, the trial court revoked the Appellant's placement in community corrections and ordered confinement in the Department of Correction.

**Analysis**

The Appellant raises the single issue of whether there was sufficient evidence presented at the hearing to support the trial court's findings that he violated his community corrections agreement. The trial court specifically found that the Appellant: (1) failed to attend meetings without a justifiable reason; (2) failed to cooperate with the officers in arranging home visits; (3) failed to provide proof of employment; and (4) failed to provide medical excuses for missing meetings.

Upon a finding, by a preponderance of the evidence, that a defendant has violated the conditions of his agreement, a trial court retains the authority to revoke the defendant's placement in a community corrections program and cause execution of the original judgment as it was entered. Tenn. Code Ann. § 40-36-106(e)(4) (1997). This court reviews revocation under an abuse of discretion standard. *State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980), *perm. to appeal denied*, (Tenn. 1981)). This means that the evidence need only show that the trial judge has exercised "conscientious and intelligent judgment in making the decision rather than acting arbitrarily." *State v. Leach*, 914 S.W.2d 104, 107 (Tenn. Crim. App. 1995) (citing *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980), *perm. to appeal denied*, (Tenn. 1981)).

After review, we find that the proof presented clearly established the Appellant did in fact commit numerous violations of his Behavioral Agreement Contract. His case officer testified that, despite his claim of employment, the Appellant failed to provide proof of such employment as required under the program. In addition, the proof established that despite repeated requests, the Appellant failed to contact the officer to schedule a home visit. Finally, the proof established that the Appellant missed approximately fifteen meetings of his rehabilitation program and failed to provide a DNA sample as ordered. The trial court, which is in the best position to judge credibility, chose to accredit the testimony of the case officer, rather than the unsubstantiated assertions of the Appellant as to various reasons for his non-compliance. At the revocation hearing, the trial court

observed that "[i]t is not the Community Corrections Officer's job to chase these people on their program to get them to come to meetings or to do home visits. It's the person's on the programs responsibility. And Mr. Myers has failed in that. . . . " The Appellant's conduct demonstrates that he is ill-suited for a sentence involving release in the community. The Appellant has blatantly rejected all attempts at rehabilitation. In light of the Appellant's refusal to comply with the program requirements, the trial court was clearly within its authority to order revocation of the Appellant's placement in community corrections.

In a related issue, the State argues on appeal that the Appellant should not be given credit for time served while in a community corrections program. In support of this argument, the State asserts that "it is not clear whether the trial court intended for the [Appellant] to be on community corrections outright, or whether the [Appellant] was on community corrections as a condition of probation." We agree with the State that various procedural aspects of the Appellant's community corrections sentences and the trial court's authority to order placement of the Appellant in a community corrections program are in conflict with applicable statutes and case law decisions. A community corrections sentence may not be imposed following revocation of probation. Tenn. Code Ann. §§ 40-35-310, 311; *State v. Bowling*, 958 S.W.2d 362, 363 (Tenn. Crim. App. 1997); *State v. Bruce Cole*, No. 02C01-9708-CC-00324 (Tenn. Crim. App. at Jackson, June 11, 1998); *State v. Roger Dale Vance*, No. 03C01-9808-CC-00317 (Tenn. Crim. App. at Knoxville, Aug. 31, 1999). Nonetheless, the record establishes that the Appellant was resentenced to community corrections, albeit improperly, and the State took no action to appeal this ruling before the judgment became final. Accordingly, this issue has been waived and may not be presented for review for the first time on appeal. *See* Tenn. R. App. P. 36(a); *Teague v. State* 772 S.W.2d 915, 926 (Tenn. Crim. App. 1988); *State v. Clinton*, 754 S.W.2d 100, 103 (Tenn. Crim. App. 1988).

## CONCLUSION

Based upon the foregoing, we conclude that the trial court did not abuse its discretion in ordering revocation of the Appellant's community corrections sentences. Accordingly, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, JUDGE