# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 13, 2003

## STATE OF TENNESSEE v. TIMOTHY P. WILMOTH

### Appeal from the Circuit Court for Williamson County
### No. II-699-186     Timothy L. Easter, Judge

---

### No. M2003-00491-CCA-R3-CD - Filed February 2, 2004

---

The defendant, Timothy P. Wilmoth, pled guilty to possession of less than .5 grams of cocaine and misdemeanor evading arrest. The trial court imposed concurrent sentences of six years and eleven months, twenty-nine days, respectively. All but thirty days was suspended. Later, the defendant's probation was revoked and he was ordered to serve the sentence in the Department of Correction. In this appeal as of right, the defendant concedes a violation of the terms of his probation, but asserts that he should have been returned to probation or placed on community corrections. The judgment of the trial court is affirmed.

### Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Virginia Lee Story, Franklin, Tennessee, for the appellant, Timothy P. Wilmoth.

Paul G. Summers, Attorney General & Reporter; Christine M. Lapps, Assistant Attorney General; Sharon E. Guffee, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On September 18, 2000, the defendant, who was charged with possession of cocaine greater than .5 grams and felony evading arrest, pled guilty to the lesser included offenses of possession of cocaine less than .5 grams, a Class C felony, and misdemeanor evading arrest. See Tenn. Code Ann. §§ 39-16-603, 39-17-417. After serving the thirty-day jail term, the defendant was placed on probation. On November 8, 2002, a probation violation warrant was filed alleging that the defendant had failed a drug screen by testing positive for marijuana. At the hearing, the defendant pled guilty to the violation but asked the trial court to return him to probation or place him in a community corrections program. The defendant's employer, Tracy Clark, testified that the defendant, whom he described as more of a subcontractor than an employee, had worked with him for three years doing

painting and remodeling work, often working over forty hours per week. Clark stated that the defendant was responsible and had never shown any indication of drug abuse.

While acknowledging that he had tested positive for marijuana, the defendant denied habitual use or addiction. He contended that he was "just stupid" and had smoked marijuana with one of his employees at a job site just before the drug screen. The defendant admitted that he smoked marijuana again a couple of days later and that he had also smoked it eight or nine months prior, but denied any other use during the period of his probation. He maintained that sixty to eighty percent of those employed on construction sites used alcohol or marijuana and indicated that some in his employ were substance abusers. The defendant claimed that if allowed to continue on probation, he intended to take the ACT, qualify for college, and pursue a career in computer programming in order to get away from his work environment. During cross-examination, he acknowledged that it had been over one and one-half years since he had undergone a drug screen when his new probation officer requested the test. The defendant admitted that he had initially asked to be excused from the drug screen and that when the probation officer had insisted on the test, he was evasive. He acknowledged that he told the officer that if he tested positive, it was because he had been around others who had been smoking marijuana.

The defendant's grandmother, Martha Lester, testified that the defendant lived with her and did her yard work. She stated that the defendant could return to her residence if granted probation or any alternative sentence involving release in the community.

In this appeal, the defendant challenges the trial court's failure to either return him to probation or place him on community corrections following the revocation. The state asserts that the trial court did not abuse its discretion by revoking probation and ordering service of the original sentence.

Our general law provides that a trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e); Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991) (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978)); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Relief can be granted only when "'the trial court's logic and reasoning were improper when viewed in the light of the factual circumstances and the legal principles involved.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are, of course, presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Among the factors applicable to probation consideration are the circumstances of the offense, the defendant's criminal record, social

history and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978). The nature and circumstances of the offenses may often be so egregious as to preclude the grant of probation. See State v. Poe, 614 S.W.2d 403, 404 (Tenn. Crim. App. 1981). A lack of candor may also militate against a grant of probation. State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983).

Because the defendant, who at his first sentencing hearing received the benefit of the presumption for an alternative sentence, violated the specific terms of his probation by using illegal drugs on at least three occasions, this court cannot say that the trial court abused its discretion by failing to return him to probation. The defendant, however, also complains that after the revocation of his probation, a community corrections sentence rather than one to the Department of Correction would have been an appropriate alternative.

Initially, community corrections was unavailable to the defendant as a sentencing alternative after the revocation of his probation. See State v. Bowling, 958 S.W.2d 362 (Tenn. Crim. App. 1997) (holding that "neither the Community Corrections Act nor the statutes dealing with probation authorize a court to impose a new sentence . . . after a defendant has partially served his sentence in the Department of Correction"). Here, the defendant admitted the violation of his probationary terms. In denying the defendant's request for return to probation, the trial court found that the defendant had not been candid either with his probation officer or in his court testimony. See State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999) ("Lack of candor and credibility are indications of a defendant's potential for rehabilitation."). The trial judge also found that measures less restrictive than confinement had frequently or recently been applied unsuccessfully to the defendant. See Tenn. Code Ann. § 40-35-103(1)(C). There is nothing in the record to contradict the trial court's findings. That the defendant had successfully completed two and one-half years of probation is commendable, but it does not establish that the defendant was entitled to a non-incarcerative sentence upon revocation. According to his own testimony, he had violated his probation at least twice before but simply had not been caught until the third violation. Because the trial judge, who sees the witnesses and hears the testimony first-hand, must be afforded considerable discretion in enforcing the terms of a probationary sentence, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE