IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 19, 2003

## JAMES RAY BARTLETT v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Wayne County**
**Nos. 283-90, 284-90, 285-90, 286-90    Stella Hargrove, Judge**

_____

### No. M2003-00571-CCA-R3-HC - Filed May 13, 2004

_____

The petitioner, James Ray Barlett, filed a petition for writ of habeas corpus in the Wayne County Circuit Court, alleging that his sentence was expired. After examining the record, the trial court dismissed the petition. The petitioner appeals. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

James Ray Bartlett, Clifton, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Factual Background

On November 2, 1990, the petitioner pled guilty in the Moore County Circuit Court to two counts of aggravated burglary. He received a four-year sentence on each count, which sentences were to be served concurrently. Additionally, the petitioner was given credit for thirty days he had already served.

Subsequently, on November 15, 1990, the petitioner pled guilty in the Lincoln County Circuit Court to four counts of theft of property over $1000. He received a sentence of four years incarceration on each count. The trial court ordered that the sentences be served consecutively to each other and to the Moore County sentences for a total effective sentence of twenty years incarceration. The petitioner was given 180 days jail credit.

On October 20, 1992, the Lincoln County Circuit Court granted the petitioner's motion for probation. As a condition of his probation, the petitioner was to be supervised by a community corrections program from October 20, 1992, until October 20, 2005. However, on December 13, 1994, the petitioner's probation was revoked and he was ordered to "serve the balance" in confinement.[1] Additionally, the Lincoln County Circuit Court entered an order denying the petitioner any sentencing credits earned while on probation.

Thereafter, the petitioner filed a petition for writ of habeas corpus in the Wayne County Circuit Court on September 25, 2002. In his petition, the petitioner claimed that his sentences were fully expired. In support of his claim, the petitioner alleged that, upon granting him probation, the Lincoln County Circuit Court reduced his sentence to thirteen years. The petitioner contended that he has served over thirteen years of his sentence; accordingly, his sentence has expired. The Wayne County Circuit Court dismissed the petition for writ of habeas corpus, and the petitioner appeals.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. See McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. See Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

As we have noted, the record reflects that on October 20, 1992, the Lincoln County Circuit Court entered two orders granting the petitioner probation and instructing that the petitioner serve his probation in the community corrections program until October 20, 2005. On December 21, 1994, the court entered an order finding the petitioner "guilty of violation of the terms of his probation with

---

[1] The probation revocation warrant filed against the petitioner maintained that he amassed new convictions while on probation. The warrant stated that the petitioner was convicted of one count of driving under the influence, one count of driving on a revoked license, five counts of reckless driving, and one count of evading arrest.

Community Corrections and ordered the [petitioner] to serve the balance of the sentence heretofore imposed."

It is well-established that upon finding by a preponderance of the evidence that a defendant has violated the terms of his probation, a trial court is authorized to order the defendant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e) (2003); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The Lincoln County Circuit Court's order reflects that the petitioner's probation was revoked and he was ordered to "serve the balance." In other words, the court, as authorized, ordered the petitioner to serve the balance of his original twenty-year sentence. The petitioner has not yet completed service of this twenty-year sentence. Accordingly, the Wayne County Circuit Court did not err in dismissing the petitioner's petition for writ of habeas corpus as he failed to prove that his sentence had expired.

On appeal, the petitioner also raises another issue. Following the revocation of the petitioner's probation, the Lincoln County Circuit Court entered an order stating, "[I]t appearing to the Court that the [petitioner's] probation with Community Corrections has been revoked, it is ordered by the Court that the [petitioner] shall not be allowed any credit with Community Corrections." The petitioner alleges, and the State concedes, that the court erred in denying him credit for this time. We disagree.

This court has previously explained:

> Community corrections is a totally different sentencing alternative than probation. During the term of probation, the "sentence" is "suspended." A defendant is not entitled to any credits toward the sentence while on probation prior to a revocation. On the other hand, a defendant is entitled to credits toward the sentence while on community corrections prior to a revocation.

Michael W. Carpenter v. State, No. M2002-02187-CCA-R3-PC, 2003 WL 21024584, at *1 (Tenn. Crim. App. at Nashville, May 7, 2003) (citations omitted), perm. to appeal granted, (Tenn. 2003); see also Tenn. Code Ann. §§ 40-35-310 and 40-36-106(e)(3)(B) (2003). Moreover, this court has further found distinction between a *sentence* of community corrections and placement in a community corrections *program* as a condition of probation. See State v. Bowling, 958 S.W.2d 362, 364 (Tenn. Crim. App. 1997); State v. Bruce Cole, No. 02C01-9708-CC-00324, 1998 WL 305375, at *2 (Tenn. Crim. App. at Jackson, June 11, 1998). As such, we have specified that "[a]n individual who is placed on probation is not entitled to jail credit during the period of probationary status. Accordingly, the probationer who is placed in a community corrections program as a condition of probation is not entitled to sentence credit for time spent under community corrections supervision." Cole, No. 02C01-9708-CC-00324, 1998 WL 305375, at *2 (footnote omitted). Thus, the trial court did not err in denying the petitioner credit for the time spent on probation under the supervision of the community corrections program. See State v. George C. Peery, III, No. E2002-01682-CCA-R3-CD, 2003 WL 21383220, at *6 (Tenn. Crim. App. at Knoxville, June 13, 2003); State v. William

<u>Roy Gray</u>, No. W2002-00460-CCA-R3-CD, 2002 WL 31322539, at *1 (Tenn. Crim. App. at Jackson, Oct. 14, 2002); <u>State v. Kenneth Paul Godwin</u>, No. 03C01-9710-CC-00479, 1998 WL 827215, at *1 (Tenn. Crim. App. at Knoxville, Dec. 1, 1998).

### III.  Conclusion

Finding no reversible error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE