# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### Assigned on Briefs August 3, 2004

## STATE OF TENNESSEE v. STEVE A. WHITE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 99-09415     Joseph B. Dailey, Judge**

---

### No. W2003-01947-CCA-R3-CD  - Filed October 25, 2004

---

Defendant, Steve A. White, appeals the trial court's order amending Defendant's judgment to grant restitution to the victim in his case.  Because the trial court did not have jurisdiction to amend Defendant's judgment, we reverse the judgment of the trial court and remand for reinstatement of the judgment of conviction as originally entered.

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Trial Court Reversed and Remanded

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

James S. Haywood, Jr., Brownsville, Tennessee, for the appellant, Steve A. White.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; William L. Gibbons, District Attorney General; and James Lammey, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

## I.  Background

Defendant was convicted on January 29, 2000, of theft of property between $10,000 and $60,000, violating the sales tax law, and attempted first degree murder.  The trial court, by judgment entered on February 28, 2000, sentenced Defendant as a Range I standard offender to an effective sentence of thirty-one years in the Department of Correction.  The jury did not assign a value to the stolen property which formed the basis of Defendant's theft conviction as provided for in Tennessee Code Annotated section 40-20-116, and the trial court did not order Defendant to pay restitution to the victim, Phillip Rouss, Jr.  The State did not raise any issue on Defendant's direct appeal regarding the failure of the trial court to order restitution to the victim.  *State v. Steve A. White*, No.

W2000-01148-CCA-R3-CD, 2003 WL 21338920 (Tenn. Crim. App., Jackson, May 23, 2003), *perm. to appeal denied* (Tenn. 2003).

On May 27, 2003, the State filed a motion to modify Defendant's judgment of conviction requesting that the trial court grant the victim, Philip Rouse III, restitution. Relying on the supreme court's analysis in *State v. Burkhart*, 566 S.W.2d 871 (Tenn. 1978), the State argued that the failure to grant restitution conflicted with the provisions of Tennessee Code Annotated section 40-20-116 and thus rendered Defendant's judgment illegal. The State also argued that the victim had a constitutional right to restitution under Article I, section 35 of the Tennessee Constitution.

The subject matter underlying Defendant's theft conviction involved the capital contributions and assets of a partnership in which Mr. Rouss and Defendant both held ownership interests. We glean from the State's motion that the post-trial pleading was prompted by the delays Mr. Rouss had thus far encountered in civil court in his attempts to secure an accounting of the books and records of the partnership, the clearing of title to the partnership's realty, and the dissolution of the partnership. The trial court acknowledged that it was impossible to know what was in the minds of the jury on the issue of restitution, but felt that the trial court's failure to order restitution was "an error of constitutional magnitude." Relying on *Burkhart*, the trial court granted the State's motion to amend Defendant's judgment. Because there was no evidence as to the value of the property taken from Mr. Rouss, the trial court ordered Defendant to pay $10,001 to Mr. Rouss as restitution, the minimum dollar value of the property range supporting Defendant's theft conviction. *See* Tenn. Code Ann. § 39-14-105(4).

Initially, we agree with the State's argument that Defendant cannot appeal as of right from the trial court's disposition of the State's motion under Rule 3 of the Tennessee Rules of Appellate Procedure. Rule 3 identifies and limits the conditions under which an appeal may lie as a matter of right, none of which are applicable in this matter. Tenn. R. App. P. 3(b); *Cox v. State*, 53 S.W.3d 287, 293 (Tenn. Crim. App. 2001); *State v. Leath*, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998). Nonetheless, as the State suggests, we may review Defendant's challenge to the modification of his sentence under what is commonly referred to as the "common-law writ of certiorari." *Leath*, 977 S.W.2d at 135. Tennessee Code Annotated section 27-8-101 provides that the writ may be used to address situations where an "inferior tribunal . . . has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy or adequate remedy." Because we conclude that the trial court was without jurisdiction to modify Defendant's sentence, we shall treat this matter as a petition for writ of certiorari by Defendant. *See State v. Johnson*, 569 S.W.2d 808, 815 (Tenn. 1978).

On appeal, the State concedes that the trial court was without jurisdiction to modify Defendant's sentence to include the payment of restitution to the victim, and we agree. On February 28, 2000, the trial court sentenced Defendant to an effective sentence of thirty-one years in the Department of Correction for, among other offenses, attempted first degree murder, a Class A felony. *See* Tenn. Code Ann. § 39-11-117(a)(2). Once Defendant was transferred to the custody of the Department of Correction, the trial court lost jurisdiction over all three of his sentences, and, as a

general rule, the power to amend its judgments. *Id.* § 40-35-212(d); *State v. Bowling*, 958 S.W.2d 362, 363 (Tenn. Crim. App. 1997). It is well-settled that a judgment beyond the jurisdiction of the court is void. *State v. Pendergrass,* 937 S.W.2d 834, 837 (Tenn. 1996), citing *Brown v. Brown*, 198 Tenn. 600, 281 S.W.2d 492, 497 (1955).

The State agrees that the failure to award restitution as a part of Defendant's sentencing was "more than a mere clerical error." *See* Tenn. R. Crim. P. 36(b). In *State v. Moore*, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991), a panel of this Court has previously examined the ability of a trial court to modify a defendant's sentence to include restitution under Rule 36. In *Moore*, we concluded that if a trial court, in fact, orders restitution as a condition of probation during the sentencing hearing, but the judgment omits such a condition, then the trial court retains authority to modify the defendant's judgment to reflect the payment of restitution under Rule 36. If, on the other hand, the trial court "orders probation and, through oversight or otherwise, omits restitution as a condition, its authority to modify the conditions to include restitution ends upon such order becoming final." *Id.* The trial court in the case *sub judice* clearly acknowledged that it did not order restitution when imposing Defendant's sentence. Whatever the reasons for this omission, we cannot conclude that there was a clerical error in this matter. *See State v. Hobert Dean Davis*, No. E2000-02879-CCA-R3-CD, 2002 WL 340597 (Tenn. Crim. App., Knoxville, Mar. 4, 2002), *no perm. to appeal filed*, (While the trial court may correct clerical errors pursuant to Rule 36, it is without jurisdiction to correct substantive errors after the judgment has become final.)

Initially, the State sought a modification of Defendant's sentence under *Burkhart* which provides that "a trial judge may correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final." *Burkhart*, 566 S.W.2d at 873. The *Burkhart* court recognized, however, that while a sentence in direct contravention of a statute is illegal and void, a final judgment which, although incorrect, is in conformity with an applicable statute is not subject to amendment. *Id.* As the State now concedes, regardless of the jury's thought processes on the issue of restitution in this case, there is nothing on the face of the trial court's judgment in the theft conviction which indicates that the trial court was without authority or jurisdiction to issue it. *See Cox*, 53 S.W.3d at 292, (quoting *State v. Donald Ree Jones*, No. M2000-00381-CCA-R3-CD, 2000 WL 1520012, at *2 (Tenn. Crim. App., Nashville, Oct. 13, 2000)), *no perm. to appeal filed*; *Moore*, 814 S.W.2d at 383.

Based upon the foregoing, we find that the trial court was without jurisdiction to modify Defendant's sentence.

## CONCLUSION

The judgment of the trial court is reversed, and this case is remanded for reinstatement of the judgment of conviction as originally entered.

_____
THOMAS T. WOODALL, JUDGE