IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1995 SESSION



**FILED**

**July 16, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

STATE OF TENNESSEE,    )
    )
    Appellee,    )    No. 03C01-9501-CR-00017
    )
    )    Washington County
v.    )
    )    Honorable Lynn W. Brown, Judge
    )
PHILLIP BOWLING,    )    (Sentencing)
    )
    Appellant.    )

<u>For the Appellant:</u>

David F. Bautista
District Public Defender
   and
Deborah B. Huskins
Assistant Public Defender
142 E. Market Street
Johnson City, TN 37601

<u>For the Appellee:</u>

Charles W. Burson
Attorney General of Tennessee
   and
George Linebaugh
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

David E. Crockett
District Attorney General
Route 19, Box 99
Johnson City, TN 37601
   and
Joe C. Crumley, Jr.
Assistant District Attorney General
Washington County Courthouse
P.O. Box 38
Jonesborough, TN 37659

OPINION FILED:_____

AMENDED JUDGMENT VACATED; REMANDED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant appeals as of right from three, concurrent twelve-year sentences that the Washington County Criminal Court imposed upon him after it revoked his suspended sentence. He contends that the trial court erroneously enhanced the three, ten-year sentences it previously imposed in this case by applying improperly two enhancement factors and ignoring an applicable mitigating factor. Because we conclude that the trial court was without the authority to increase the defendant's sentence, we vacate the amended judgments of the trial court and order that the defendant serve the original ten-year, concurrent sentences.

On May 7, 1992, the defendant pled guilty to three cocaine-related Class B felonies and received three, concurrent ten-year sentences in the custody of the Department of Correction. Judgments of conviction were entered on that date and he was transferred to the Department of Correction and began serving his time. The Department of Correction placed him in the boot camp program, see T.C.A. § 40-20-201, -207, and then, effective April 13, 1993, placed him on probation for the remainder of his sentences. See T.C.A. § 40-20-206.

After issuing a probation revocation warrant in August 1993, the trial court entered a series of orders. The first stated that the defendant was to serve ten years in the community corrections program, from October 15, 1993 to October 15, 2003, and listed conditions of his release. The second order revoked the defendant's probation and ordered that he serve ten years in the Department of Correction but noted, in a footnote, that the defendant was placed on the alternative community corrections program. The third order provided for the defendant's immediate release and stated that he was to be placed in the community corrections program.

In May 1994, the trial court issued a warrant alleging that the defendant again violated his probation. After a hearing, the trial court revoked the defendant's suspended sentence and sentenced him to twelve years in the Department of Correction for each of the three offenses. The trial court cited the defendant's history of criminal behavior, inability to abide by conditions of a sentence involving release into the community, and lack of mitigating factors. The trial court entered amended judgments that reflect that the defendant's sentences were increased upon revocation of a community corrections sentence. Although we agree with the trial court that enhancement of the defendant's sentence would have been appropriate had the court been revoking a sentence under the Tennessee Community Corrections Act of 1985, see T.C.A. § 40-36-106(e)(3), it was not proper under the facts of this case.

We begin our analysis by recognizing the distinction between the revocation of a community correction sentence and a probation revocation. When a trial court revokes a community corrections sentence under the Tennessee Community Corrections Act of 1985, it has the authority to "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." T.C.A. § 40-36-106(e)(3). By contrast, a trial court that determines that a probation violation has occurred can cause execution of the original judgment as it was originally entered, see T.C.A. § 40-35-310, -311, or can modify the defendant's conditions of supervision, including extending the defendant's probationary period for up to two years. See T.C.A. § 40-35-308.

In this case, the defendant initially received a ten-year sentence in the Department of Correction. Once the defendant was transferred to the Department of Correction, the trial court lost jurisdiction. See T.C.A. § 40-35-212(d). Pursuant to

3

T.C.A. § 40-20-206, when the Department of Correction placed the defendant on probation for the remainder of his ten-year sentence, the trial court had jurisdiction to use the procedures set forth in T.C.A. § 40-35-311 to revoke the probation. Although the trial court properly ordered that the defendant's probation be revoked and that he serve his ten-year sentence in the Department of Correction, see T.C.A. § 40-35-311(d), it also ordered that the defendant serve ten years in the community corrections program, from October 15, 1993 until October 15, 2003.

It is apparent that the trial court intended to convert the defendant's ten-year sentence into a community corrections sentence. However, neither the Community Corrections Act nor the statutes dealing with probation authorize a court to impose a new sentence under the Act after a defendant has partially served his sentence in the Department of Correction.

Although the trial court lacked jurisdiction to impose a community corrections sentence when it determined that the defendant violated his probation, it did have the authority to order the defendant's participation in the community corrections program as a condition of his continuing on probation. See T.C.A. § 40-35-108 (allowing more onerous probation conditions resulting from a revocation hearing); T.C.A. § 40-36-106(f) (providing for use of a community corrections program as a condition of probation). Thus, the orders the trial court entered in 1993 effectively resulted in the modification of the defendant's conditions of probation, not the imposition of a community corrections sentence.

When the trial court revoked the defendant's suspended sentence in August of 1994, the defendant was serving the remainder of his original ten-year sentence on probation, and the trial court was to proceed under the probation revocation statutes. The trial court had the authority to commence execution of the

4

original judgment as it was originally entered, see T.C.A. § 40-35-310, -311, or the authority to modify the defendant's conditions of supervision and to extend his probationary period for up to two years, see T.C.A. § 40-35-308, but it did not have the authority to increase the defendant's original sentence.

Accordingly, the amended judgments of conviction of the trial court are vacated and the case is remanded to the trial court for reinstatement of the ten-year sentences imposed in the original judgments of conviction.

_____Joseph M. Tipton, Judge

CONCUR:

_____
John H. Peay, Judge

_____
David G. Hayes, Judge

5