# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST 1999 SESSION



**FILED**

October 31, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 02C01-9807-CR-00201 |
| | ) | |
| vs. | ) | Shelby County |
| | ) | |
| RICIO L. CONNER, | ) | Hon. James Beasley, Jr., Judge |
| | ) | |
| Appellant. | ) | (Probation Revocation) |
| | ) | |

**FOR THE APPELLANT:**

**JEFFREY S. ROSENBLUM**
Attorney at Law
Rosenblum & Reisman, PC
80 Monroe Avenue, Suite 560
Memphis, TN 38103

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General & Reporter

**PATRICIA C. KUSSMANN**
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

**JOHN W. PIEROTTI**
District Attomey General

**SCOTT GORDON**
Asst. District Attorney General
Criminal Justice Complex, Ste. 301
201 Poplar Avenue
Memphis, TN 38103

**OPINION FILED: _____**

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

**JAMES CURWOOD WITT, JR., JUDGE**

**OPINION**

The defendant, Ricio Conner,[1] appeals the Shelby County Criminal Court's order revoking his probation. He asserts that (1) the trial court erroneously applied the wrong standard of proof in the revocation proceeding, (2) the trial court erred in concluding that it had no authority to do anything but reincarcerate the defendant once a violation of probation was established, and (3) as an alternative argument, the trial court lacked jurisdiction to determine whether a violation of probation occurred.[2] We affirm in part and vacate in part the trial court's ruling.

On January 11, 1995, the defendant pleaded guilty to possession of more than one-half gram of cocaine with intent to deliver. The trial court imposed an eight year sentence in the Tennessee Department of Correction ("TDOC") to run concurrently with an effective sentence previously imposed in two other cases of an unspecified nature. TDOC placed the defendant in the "boot camp" program and released him on probation after nine months' incarceration.

While on probation, the defendant, by his own admission, was arrested three or four times. The record on appeal shows the following arrests and dispositions as of the date of the revocation hearing:

(1) June 5, 1996, possession of marijuana, guilty plea and conviction;

(2) June 5, 1996, driving on a revoked license, guilty plea and conviction;

(3) June 12, 1997 (Mississippi), simple assault, pending;

(4) June 19, 1997, driving on revoked license, second offense, bound over to grand jury;

(5) June 19, 1997, theft of property over $1,000 in value, two counts,

---

[1]The defendant's name is spelled Ricio Conner in the indictment but is spelled Rico Conner in other court documents. In keeping with this court's practice, we use the spelling as it appears in the indictment.

[2]We have consolidated the defendant's first two appellate issues into one and have reordered the treatment of the three aggregate issues.

bound over to grand jury;

(6) August 8, 1997, reckless endangerment, evading arrest, possession of Schedule VI controlled substance, and driving on revoked license, third offense, bound over to grand jury.

The defendant's probation officer testified that the defendant violated his probation by being charged with new offenses while on probation, failing to report the new charges except for the 1996 marijuana charge, leaving the state without permission by going to Mississippi in 1997, using marijuana, and failing to pay his probation and supervision fees.

The trial court found that the defendant violated the terms of his probation and ordered him to be incarcerated in the TDOC. In its revocation order, the trial court said:

> [T]here are several mitigating circumstances . . . . Had the Court placed Mr. Conner on probation, the Court would certainly consider placing Mr. Conner back on probation with some stricter conditions or putting him into a community corrections program or some other alternative sentence. However, the Court notes that it did not place Mr. Conner on probation but instead that Mr. Conner was placed on probation by the Tennessee Department of Correction[]. The Court hereby finds that under such circumstances it does not have any discretion with regard to how to punish Mr. Conner for violating his probation. The Court finds that it can only determine that Mr. Conner has violated probation and place him back into the Tennessee Department of Correction[].

In his oral findings, the trial judge expressed dismay concerning the TDOC's release of the defendant on probation after serving nine months in the "boot camp" program and perplexity about the legal status of the revocation proceeding. After reciting the defendant's history of reoffending and failing to appear since the inception of his cases in the trial court, the judge granted the revocation petition and said, "I really don't know that I have authority to modify, place him under Community Corrections, or something else. I don't believe I have that authority. If I do, let [the Court of Criminal Appeals] tell me and I'll be glad to review it and revisit it."

In his first issue, the defendant complains that the trial court erred in applying a "probable cause" standard of proof in the revocation proceeding. We

agree with the defendant that the proper standard in this case was preponderance of the evidence. See Tenn. Code Ann. § 40-35-311(e) (1998).

We conclude, therefore, that the trial court misspoke when it referred to a "probable cause" standard of proof; however, this error was harmless. The revocation of probation is committed to the sound discretion of the trial judge. State v. Harkins, 811 S.W.2d 79, 80 (Tenn. Crim. App. 1991). In order for an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence sufficient to support the trial court's conclusion that the violation of the terms of probation has occurred. Id. at 82; State v. Delp, 814 S.W.2d 395, 398 (Tenn. Crim. App. 1980). In view of the preponderance of the evidence standard of proof and the abuse of discretion standard of review on the question of whether a violation of probation occurred, see State v. Aaron Switzer, No. 03C01-9211-CR-00380, slip op. at 3 (Tenn. Crim. App., Knoxville, July 23, 1993), the record contains overwhelming evidence that the defendant violated the terms of his probation in numerous ways. The trial court's misstatement in referring to a probable cause standard of proof is clearly harmless. See Tenn. R. Crim. P. 52(a).

In his second issue, the defendant essentially argues that the trial court was willing to consider some alternative to incarceration, but it erroneously concluded that it had no discretion or authority to do anything except order confinement once a violation of probation had been adjudicated.

Pursuant to Tennessee Code Annotated sections 40-20-201, -206, and -207, the TDOC placed the defendant in "a special alternative incarceration unit," commonly referred to as a "boot camp" program, and released him after nine months under "supervision" of the division of community services. Code section 40-20-206 provides that if, after being placed into community "supervision," a defendant fails to comply with "the terms and conditions of supervision, . . . the

4

release on supervision may be revoked by the Trial Judge pursuant to § 40-35-311." Tenn. Code Ann. § 40-20-206 (1997). Code section 40-35-311 prescribes the procedure for a trial court revoking probation. In the present case, the state concedes that this statutory scheme empowered the trial court to determine the revocation issues and upon a finding of a violation of "probation," to draw from the full range of remedies available in a violation of probation case, including a modification of the conditions of supervision and an extension of probation for up to two years. See Tenn. Code Ann. § 40-35-308 (1997).

We agree. Although the trial court lost jurisdiction when the defendant was placed in TDOC, Code section 40-20-206 reinvested the trial court with jurisdiction once TDOC effectively placed the defendant "on probation." See State v. Bowling, 958 S.W.2d 362, 363 (Tenn. Crim. App. 1997). Upon determining that the defendant violated the terms of his probation, the trial court had the authority to modify the terms of supervision, extend the probationary period for up to two years, or order the original sentence to be served in confinement. The trial court was neither empowered to place the defendant on community corrections nor to increase the defendant's original sentence; however, it could have ordered the defendant's "participation in the community correction *program* as a *condition* of his continuing on probation." Id. at 364 (italics in original).

In consideration of the foregoing, we conclude that the trial court erred when it determined that it lacked authority to apply any remedy except incarceration.

We must now determine the effect of the trial court's misapprehension of its authority. Initially, we point out that the confusion related to the remedy to be applied once a violation of probation had been adjudicated and does not in any way impugn the finding of a violation.

With respect to remedy, the trial court's verbal statements as they

5

appear in the transcript of the revocation hearing are contrary to the written statements that appear in the order. In both communications, the trial court expresses perplexity about its role in the case and its authority to apply any remedy except confinement. However, in the verbal findings, the court expresses disdain for the defendant's rather oblique style of testifying. Somewhat spiritedly, it recounts the defendant's transgressions committed while on probation, and it makes no mention of mitigating factors which would support a continuation of probation in some form. These verbal statements are at odds with the statements in the order that "several mitigating circumstances" exist and that, "[h]ad the Court placed Mr. Conner on probation, the Court would certainly consider placing Mr. Conner back on probation with some stricter conditions."

We are mindful of the rule which this court routinely applies that in the case of a conflict between the provisions of a judgment and the provisions of the transcript, the latter controls. See, e.g., State v. Davis, 706 S.W.2d 96, 96 (Tenn. Crim. App. 1985). However, we do not view the order and the transcript in the present case to be in conflict so much as they reflect a disharmony in tone. The tone of the transcript suggests that the trial judge would not have awarded the defendant further probation, and the tone of the order suggests that the court would have considered probation had it perceived the opportunity. We do not find that this is a conflict in the operative provisions of these communications which would require our selection of the transcript as the basis for the prevailing meaning.

We find that the sense of both the transcript and the order is that the trial court clearly adjudicated a violation of the terms of probation but never reached the point of adjudicating the remedy. The trial judge stated on the record that he granted the petition to revoke because the probation conditions were imposed by the TDOC. He then stated, "And I don't know that I have the authority to do anything other than that . . . . I don't believe I have that authority." The order states that the trial court "can only determine that Mr. Conner has violated probation and

6

place him back into the [TDOC]." These comments indicate that the trial court never adjudicated the possible remedies. Given these circumstances, it is appropriate to remand the case to the trial court so that court may determine the violation of probation remedy. It is apparent from our review of the record that a full revocation hearing was conducted. Thus, the trial court may well decide that it can make the required determinations without further hearing, but we leave that choice to the trial court.

This adjudication preempts the defendant's third issue. The defendant argues in the alternative to his position in the second issue that if the trial court lacked the authority to revoke probation, by the same token it lacked jurisdiction to issue the revocation warrant. As we have said above, Code section 40-20-206 gave the trial court the jurisdiction to initiate and conduct revocation of probation proceedings in the context of this case.

We affirm the trial court's determination that the defendant violated the terms of his probation. We vacate the order of confinement in the TDOC and remand the case to the trial court for determination and imposition of the violation of probation remedy.

_____
JAMES CURWOOD WITT, JR., JUDGE


CONCUR:


_____
DAVID H. WELLES, JUDGE


_____
JERRY L. SMITH, JUDGE

7