IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 30, 2001

**STATE OF TENNESSEE v. ANGELA BRIGHT**

**Appeal from the Circuit Court for Blount County**
**No. C-12679     D. Kelley Thomas, Jr., Judge**

**No. E2000-03146-CCA-R3-CD**
**January 2, 2002**

Angela Bright brings this appeal of the Blount County Criminal Court's revocation of her probationary sentence and order placing her Department of Correction sentence into effect. Because the lower court did not abuse its discretion, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Shawn G. Graham, Maryville, Tennessee, for the Appellant, Angela Bright.

Paul G. Summers, Attorney General & Reporter; Peter M. Coughlin, Assistant Attorney General; Michael L. Flynn, District Attorney General; and William Reed, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

Ms. Bright pleaded guilty to one count of aggravated burglary and received a three-year, Range I sentence. She was sentenced to split confinement of 48 days in the county jail and two years, ten months and twelve days on probation. Just over two months later, she was charged in a probation violation warrant with failing to report to her probation officer, giving a false residence address to her probation officer, and failing to pay fees, restitution, fines and costs. The warrant was amended two months later to add two additional violation allegations, that the defendant committed new offenses and that she failed to report them to her probation officer.

At the probation revocation hearing, the defendant admitted that she was guilty of each of the alleged violations of the terms of her probationary sentence. She asked, however, that the court extend leniency by declining to order her to serve her original sentence in the Department of Correction. In support of her plea, the defendant testified that she had experienced difficulties in getting on her feet after her release from jail. Although she initially believed she would be able to live with her mother, she discovered that her mother's landlord would not allow it. She lived a

transient lifestyle as a result. She was unemployed for several months following her release from jail, although at the hearing on December 18, 2000, she had been working a job assembling and selling Christmas wreaths. She claimed that she had been promised a job in a sawmill. She blamed her noncompliance with her probationary obligations in large part upon her lack of transportation. She had been unable to use a van service recommended to her by the Department of Human Services because she did not know where she would be staying from day to day. At the hearing, she claimed a friend had given her a car, and her sawmill job would be near the place she planned to live. She denied drug use. She acknowledged, however, that she had not fulfilled her obligations of reporting to her probation officer and had, in fact, consciously not reported after she learned there was an outstanding violation warrant. She claimed that she wanted to get her life in order before calling her probation officer.

After receiving this evidence, the lower court found no indication that the defendant would be more successful on probation if given another opportunity. The court ordered that the defendant's probation be revoked and that she serve her sentence in the Department of Correction. The defendant then filed this appeal.

The standard of review upon appeal of an order revoking probation is the abuse of discretion standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). In order for an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the terms of probation has occurred. *Id*. at 82; *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The trial court is required only to find that the violation of probation occurred by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e) (Supp. 2000). Upon finding a violation, the trial court is vested with the statutory authority to "revoke probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." *Id.* Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." Tenn. Code Ann. § 40-35-310 (1997). The trial judge retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

In this appeal, the defendant concedes that bases exist to support the trial court's determination that she had violated the terms of probation. *See State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999) (defendant's concession of act constituting violation of probation constitutes substantial evidence of violation, and trial court's revocation based thereon is not abuse of discretion). Thus, the question we must answer is whether the court abused its discretion in ordering the defendant to serve the remainder of her sentence in the Department of Correction.

In that regard, the relevant statute commands that upon revocation of a suspended sentence, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension, and shall be executed accordingly . . . ." Tenn. Code Ann. § 40-35-310 (1997). The record does not reflect any meaningful efforts made by the defendant to comply with the terms of her probationary sentence until she was in jeopardy of losing her probationary status. Based on her track record, the trial court was doubtful that her performance

would improve if given a further reprieve from an incarcerative sentence. The lower court had the opportunity to evaluate the defendant's sincerity at the hearing. Based upon the evidence before us, that court's determination was within its discretion.

Finally, we must reject the defendant's plea to this court for intensive probation or Community Corrections. *See State v. Bowling*, 958 S.W.2d 362, 364 (Tenn. Crim. App. 1997). Our determination that the court was within its discretion in revoking probation and ordering the incarcerative sentence into execution answers negatively the defendant's plea for further leniency. An accused, already on probation, is not entitled to a second grant of probation or another form of alternative punishment. *See, e.g., State v. James Moffit*, No. 01C01-9010-CC-00252, slip op. at 1 (Tenn Crim. App., Nashville, Apr. 4, 1991).

The trial court's order revoking probation and commencing execution of the incarcerative sentence is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE