# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 10, 2003

## STATE OF TENNESSEE v. JAMES RAY BARTLETT

**Appeal from the Circuit Court for Lincoln County**
**Nos. 283-90, 284-90, 285-90, 286-90      William Charles Lee, Judge**

---

### No. M2002-01868-CCA-R3-CD - Filed June 16, 2004

---

The defendant, James Ray Bartlett, appeals the trial court's denial of his request for credit for time served in community corrections. Because the defendant has no appeal as of right under Tennessee Rule of Appellate Procedure 3(b), the cause is dismissed.

#### Tenn. R. App. P. 3; Appeal Dismissed

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

Andrew Jackson Dearing, III, Assistant Public Defender, for the appellant, James Ray Bartlett.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, Assistant Attorney General; and William Michael McCown, District Attorney General, for the appellee, State of Tennessee.

#### OPINION

In November of 1990, the defendant pled guilty to four counts of theft over $1000. The trial court imposed sentences of four years on each count. Because the sentences were ordered to be served consecutively, the effective sentence is sixteen years. The judgments provided for service in the local jail. Two months later, the defendant filed a motion requesting probation. See Tenn. Code Ann. § 40-35-314(c)(2) (1990) ("The court shall retain full jurisdiction over the defendant during the term of such sentence and may reduce or modify the sentence or may place the defendant on probation supervision where otherwise eligible."). Because each of the individual sentences imposed was only four years, the defendant was eligible for probation even though the aggregate term was greater than eight years. See State v. Langston, 708 S.W.2d 830 (Tenn. 1986) (holding that where the defendant has multiple convictions and the total sentence structure exceeds the eligibility limit for probation, the defendant is still eligible if the sentence imposed for each individual conviction falls within the probation eligibility requirements). The trial court granted the motion and ordered that the defendant be placed on probation for a period of thirteen years. Supervision of the probation was ordered through the community corrections program. See Tenn. Code Ann. § 40-36-

106(f) (1990) ("Nothing herein shall prevent a court from permitting an eligible defendant to participate in a community-based alternative to incarceration as a condition of probation in conjunction with a suspended sentence . . . ."). Two years later, the trial court revoked the probation and ordered the defendant to serve the balance of his sentence. Several months later, the defendant filed a motion requesting credit for time served in the community corrections program and asking that the trial court correct the judgment to reflect that the effective sentence had been reduced from sixteen to thirteen years. Some five years later, the trial court dismissed the motion, ruling that it was without jurisdiction to "entertain pro se motions on judgments that are final." The record does not include any reason for the delay between the filing and the disposition. Two years later, the defendant again filed a motion requesting credit for time spent on community corrections and asking the trial court to correct the judgment. This motion was also denied.

In this appeal, the defendant contends that the trial court did not order probation and instead placed him on community corrections. He asserts that because he was sentenced to community corrections rather than probation, he is entitled to credit for the time he spent on release. See Tenn. Code Ann. § 40-36-106(e)(3) (1990) ("The court shall also possess the power to revoke the sentence imposed at any time . . . and the court may resentence the defendant to any appropriate sentencing alternative, . . . less any time actually served in any community based alternative to incarceration."). The defendant also contends that the trial court modified his sixteen-year sentence to a sentence of thirteen years. The state submits that the trial court suspended the sentence to probation, with participation in community corrections as a condition of that probation, and that, in consequence, he is not entitled to credit for his time spent on release. The state does not address the defendant's claim that the trial court modified his sentence from sixteen to thirteen years, insisting that the issue is moot.

Initially, no appeal as of right lies from the trial court's denial of the defendant's motion. Tennessee Rule of Appellate Procedure 3 provides for an appeal as of right "from any judgment of conviction . . . from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." Tenn. R. App. P. 3(b). The trial court's denial of a motion seeking application of community corrections credits is not listed as an action from which an appeal as of right lies. Further, even if the defendant's motion could be cast as a motion to correct the sentence, a trial court's order denying a motion to correct a sentence is generally not appealable as a matter of right. Cox v. State, 53 S.W.2d 287, 293 (Tenn. Crim. App. 2001). In consequence, the defendant has no basis to appeal the denial of his motion. See Tenn. R. App. P. 3(b).

In addition, this court has previously rejected the defendant's claims that he is entitled to community corrections credit and that the trial court reduced his sentence. In James Ray Bartlett v. State, No. M2003-00571-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., at Nashville, May 13,

2004),[1] this court held that "the trial court did not err in denying the [defendant] credit for the time spent on probation under the supervision of the community corrections program." This court also ruled that the defendant's effective twenty-year sentence, sixteen years of which stem from the convictions in the instant case, had not expired. Id. Thus, this court implicitly rejected the defendant's claim that the effective sentence had been reduced from sixteen to thirteen years.

Regardless of any procedural deficiency, the record establishes that the defendant was placed on probation with participation in community corrections as a supervisory condition of his probation. He is not, therefore, entitled to credit for his participation in the community corrections program. This court has previously distinguished a sentence of community corrections and participation in a community corrections program as a condition of probation. See State v. Bowling, 958 S.W.2d 362, 364 (Tenn. Crim. App. 1997). A defendant sentenced to the community corrections program is actually serving his sentence while in the program in lieu of incarceration, see Tenn. Code Ann. § 40-36-106(e)(1) (1990), while service of the sentence is suspended for a defendant placed on probation, see Tenn. Code Ann. § 40-35-303(c) (1990). See also Michael W. Carpenter v. State, No. M2002-02187-CCA-R3-PC (Tenn. Crim. App., at Nashville, May 7, 2003). In State v. George C. Peery, III, No. E2002-01682-CCA-R3-CD (Tenn. Crim. App., at Knoxville, June 13, 2003), this court ruled that "a defendant on probation receives no credit for time served" after a revocation "but a participant in the community corrections program does." See also State v. Bruce Cole, No. 02C01-9708-CC-00324 (Tenn. Crim. App., at Jackson, June 11, 1998) ("[T]he probationer who is placed in a community corrections program as a condition of probation is not entitled to sentence credit for time spent under community corrections supervision."). Because the order of the trial court reflects that the defendant was placed on probation to be supervised by the community corrections program, he is not entitled to the relief he desires.

Moreover, the record does not support the defendant's claim that the trial court modified his effective sentence from sixteen to thirteen years. While the order placing the defendant under the supervision of the community corrections program indicates that the period of supervision was to be thirteen years, it does not necessarily follow that the trial court intended to reduce the sentence. No amended judgment form was entered reflecting any change in the sentence. In consequence, the defendant is not entitled to relief.

Accordingly, the appeal is dismissed.

_____
GARY R. WADE, PRESIDING JUDGE

---

[1] If the defendant's counsel was aware of the appeal filed in that case, he should have asked this court for consolidation of the appeals.