IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 15, 2004

## FLOYD W. JENKINS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Monroe County**
**No. 98-049      Carroll L. Ross, Judge**

_____

**No. E2004-00705-CCA-R3-PC - Filed July 26, 2004**

_____

The petitioner, Floyd W. Jenkins, appeals the Monroe County Criminal Court's denial of his Motion for Probation. The state contends that the trial court properly denied the motion because the petitioner is serving his sentences in the Department of Correction and the trial court no longer has jurisdiction over him. We agree with the state and, pursuant to Rule 20, Tenn. Ct. Crim. App. R., affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Floyd W. Jenkins, Petros, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; and Jerry N. Estes, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The record reflects that in July 1998, the petitioner pled guilty to three counts of car burglary, a Class E felony. The trial court sentenced him as a Range II offender to three years on probation for each conviction and ordered that two of the sentences be served consecutively. In February 2000, the trial court revoked the petitioner's probation and ordered that he serve his sentences in the Department of Correction (DOC). In February 2004, the petitioner filed a pro se Motion for Probation, requesting that the trial court reinstate his probation. The trial court denied the motion on the basis that it no longer had jurisdiction over the petitioner because he was serving his sentences in the DOC. The petitioner appeals, claiming that the trial court retained jurisdiction over his case and that the trial court should have appointed counsel to represent him.

Once the petitioner was transferred to the DOC, the trial court lost jurisdiction over the petitioner's sentences. State v. Bowling, 958 S.W.2d 362 (Tenn. Crim. App. 1997); see T.C.A. § 40-35-212(d). Thus, to the extent that he is seeking probation for the sentence he is currently serving, the trial court properly determined that it had lost jurisdiction over the petitioner's case. We note that Rule 35, Tenn. R. Crim. P., provides that a "trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked." Obviously, the petitioner's request to have his probation reinstated was well outside that time limit. Pursuant to Rule 20, Tenn. Ct. Crim. App. R., we affirm the trial court's denial of the motion.

_____
JOSEPH M. TIPTON, JUDGE