IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 24, 2010

## STATE OF TENNESSEE v. CURTIS WIX

**Direct Appeal from the Criminal Court for Sullivan County**
**Nos. S56,103; S54,535      Robert H. Montgomery, Jr., Judge**

---

**No. E2010-00459-CCA-R3-CD - Filed September 30, 2010**

---

The defendant, Curtis Wix, appeals the trial court's revocation of his probation and reinstatement of his original sentence, arguing that a sentence of split confinement followed by a return to supervised probation or community corrections would have been more appropriate under the circumstances of his case. Following our review, we affirm the order of the trial court revoking the defendant's probation and reinstating his original sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and THOMAS T. WOODALL, J., joined.

Steve McEwen, Mountain City, Tennessee (on appeal); and Patrick W. Denton, Assistant Public Defender (at trial), for the appellant, Curtis Wix.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and William Harper, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On June 4, 2008, the defendant pled guilty in the Sullivan County Criminal Court to three counts of violating the sex offender registry, a Class E felony, and was sentenced as a Range I, standard offender to concurrent terms of one year, six months in the Department of Correction, with the sentences suspended to supervised probation, effective April 13, 2009, following the defendant's service of ninety days incarceration.

On March 26, 2009, the defendant pled guilty in the Sullivan County Criminal Court to aggravated perjury, a Class D felony, for having lied to the trial court about his marijuana usage at the October 2008 hearing in which the trial court considered whether to grant him probation for his convictions for violation of the sex offender registry. The defendant was subsequently sentenced as a Range II offender to four years at thirty-five percent to be served on supervised probation consecutively to his probation in the sex offender registry cases. Among the conditions of the defendant's probation were that he obey all laws, obtain permission from his probation officer before leaving the county or the state, not enter into contact with minors, and not use intoxicants to excess.

On October 19, 2009, a probation violation warrant was filed alleging that the defendant had violated the terms of his probation by going to Virginia without permission to obtain the help of a family friend in moving and by picking up the sixteen-year-old friend and bringing him back to Tennessee. At a hearing held that same day, the trial court revoked and then reinstated the defendant's probation, with the added condition that the defendant was required to serve from October 19 to November 18, 2009, in jail before being released back on probation.

On January 4, 2010, another probation violation warrant was filed alleging that the defendant had violated his probation by his December 1, 2009 arrest for DUI, speeding, and violation of the financial responsibility law, which resulted in his guilty plea convictions for reckless driving, speeding, and failure to provide proof of insurance. Following the defendant's plea of guilty to the violation of probation charge, a hearing was held on January 28, 2010, to determine the disposition of his case. At the hearing, the defendant testified that he had been depressed and unable to sleep because he had "lost [his] mama " and just ended a bad romantic relationship, that he drank one beer as a sleep aid, and that he then responded to a friend's request for a ride. He said he realized he was speeding on the drive back and had already started to slow down when the trooper pulled him over. The defendant denied, however, that he had been driving recklessly and said that his guilty plea to reckless driving was part of a compromise plea negotiation. He also denied that he had been drunk, claiming that he had been able to perform all the field sobriety tests with the exception of the one-legged stand and that he registered only a .05 on the Breathalyzer test he was administered upon his arrival at the jail. He acknowledged, however, that he knew he should not have been drinking, and he vowed that he "w[ould] not drink and drive ever again as long as [he was] on probation or anything."

The defendant further testified that he had completed the seventh grade in school. He said he had been unable to obtain his GED because most GED classes were held at or near school grounds, where he was unable to attend. He said he had been employed as a laborer earning $10 an hour at Holstclaw and Sons Gutter in Mount Carmel, and he had spoken with

his employer and been assured that he could return to that job.

At the conclusion of the hearing, the trial court concluded that the defendant was not a suitable candidate for probation or other alternative sentencing and ordered that he serve his sentences in the Department of Correction.

## ANALYSIS

The sole issue the defendant raises on appeal is whether the trial court abused its discretion by reinstating his original sentence rather than ordering split confinement followed by intensive probation or placement in a community corrections program. In support, the defendant cites, *inter alia*, the nonviolent nature of his underlying offenses, his gainful employment, the "minor misdemeanor traffic offenses" that constituted his probation violation, and the fact that he committed the traffic offenses while "undergoing a difficult emotional period due to a break-up of a relationship and the death of his mother." The State responds by arguing that the trial court acted within its discretion in revoking the defendant's probation and ordering that he serve his sentences in confinement. We agree with the State.

The trial court is expressly authorized by statute to reinstate a defendant's original sentence upon a finding that the defendant has violated the terms of his or her probation. See Tenn. Code Ann. §§ 40-35-310, -311 (2006); State v. Hunter, 1 S.W.3d 643, 646 (Tenn. 1999). Upon a finding that a violation has occurred, the trial court may, in its discretion, either: (1) order incarceration; (2) order that the original entire probationary period begin anew; or (3) extend the probationary period by up to two years. State v. Eric D. Devaney, No. E2005-01986-CCA-R3-CD, 2006 WL 2373469, at *3 (Tenn. Crim. App. Aug.17, 2006) (citing Hunter, 1 S.W.3d at 644; Tenn. Code Ann. §§ 40-35-310, -311(e), -308(c)). Although "[a] trial court lacks jurisdiction to impose a sentence of community corrections upon a finding that a defendant has violated probation, . . . [it] may impose participation in a community corrections program as a condition of probation." State v. Matthew Scott Green, No. E2008-02576-CCA-R3-CD, 2009 WL 3806126, at *3 (Tenn. Crim. App. Nov. 13, 2009) (citing State v. Bowling, 958 S.W.2d 362, 364 (Tenn. Crim. App. 1997); Tenn. Code Ann. § 40-36-106 (f)). The trial court must exercise a conscientious, rather than arbitrary, judgment when determining the disposition of a defendant's case upon a finding that he or she violated the terms of probation. Eric D. Devaney, 2006 WL 2373469, at *4. We, therefore, review this issue for an abuse of discretion.

In its determination that the defendant had demonstrated that he was not a suitable candidate for probation or placement in "Hay House," the trial court noted, among other things, the defendant's fairly extensive criminal record, his history of lying to the court, his past failures to comply with the conditions of probation, his poor disciplinary record with the

Department of Correction, and his admission to the officer who prepared his July 2008 presence report that he has "a heck of a temper." The trial court also considered, but rejected, the defendant's argument that incarceration would be unduly harsh in light of the minor nature of the traffic offenses that resulted in his violation. The trial court's ruling states in part:

> [W]hile in some respects these are . . . "minor" in the scheme of things, minor type violations, on the other hand he had the benefit of basically having probation in both of these type cases and with his record, . . . the Court could have been easily justified or the State in recommending that he serve both those sentences initially. So in my opinion, I just don't think it makes s[ense] for me to place him back out on probation with his record. I'm going to introduce a copy of the prior report for part of this sentencing hearing and I'm going to order him to serve the balance of the determinate release and then also the 4 year sentence in the TDOC.

We conclude that the trial court did not abuse its discretion in revoking the defendant's probation and ordering that he serve his sentences in the Department of Correction. As the trial court noted, the defendant has a fairly substantial criminal record, which, in addition to the aggravated perjury and violation of sex offender registry convictions, includes Tennessee convictions for attempt to commit sexual battery and assault, South Carolina convictions for selling drugs, possession of marijuana, and grand larceny, and the fact that the defendant's probation was revoked in the grand larceny case. We also note that the defendant reported to the officer who prepared his July 2008 presence report that his mother had died in 1993. As such, his testimony at the probation revocation hearing that his drinking on the night of his DUI arrest had been motivated by his depression over having "lost [his] mama" was, if not an outright lie, at the very least misleading to the court. The defendant also exhibited a lack of remorse and an attitude of disrespect for the law to the officer who prepared his 2008 presence report, stating: "I'll always test positive for pot; been smoking it everyday since I was 6 years old. I smoke pot because I don't want to go to a goddamn headshrink and have them put me on a bunch of medicine." In light of the defendant's criminal record, dishonesty before the court, and repeated violations of probation, the trial court acted within its discretion in revoking the defendant's probation and ordering that his sentences be served in incarceration.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the order of the trial court revoking the defendant's probation and ordering that his sentences be served in the Department of Correction.

_____

ALAN E. GLENN, JUDGE