# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## JUNE 1998 SESSION

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **NO. 01C01-9706-CC-00233** |
| Appellee, | ) | |
| | ) | **WILLIAMSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. DONALD P. HARRIS,** |
| **JAGATH N. PARACHURI,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Probation Revocation) |

| | |
|---|---|
| **FOR THE APPELLANT:** | **FOR THE APPELLEE:** |
| **THOMAS L. WHITESIDE** | **JOHN KNOX WALKUP** |
| 172 Second Ave North | Attorney General and Reporter |
| Suite 214 | |
| Nashville, TN 37201-1908 | **DEBORAH A. TULLIS** |
| | Assistant Attorney General |
| | Cordell Hull Building, 2nd Floor |
| | 425 Fifth Avenue North |
| | Nashville, TN  37243-0493 |
| | |
| | **JOSEPH D. BAUGH, JR.** |
| | District Attorney General |
| | Williamson County Courthouse |
| | Suite G-6 |
| | P.O. Box 937 |
| | Franklin, TN 37065-0937 |

**OPINION FILED:** _____

**REVERSED AND REMANDED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Jagath N. Parachuri, appeals the order of the Williamson County Circuit Court revoking his probation. Since we conclude the court improperly modified the original sentences, we REVERSE AND REMAND the case to the Williamson County Circuit Court for entry of proper judgments and any further proceedings consistent with this opinion.

**I.**

The record prepared for appeal in this case falls seriously short of the requirements of Tenn. R. App. P. 24(a). The probation revocation hearing focused on the dates of the defendant's prior arrests and convictions. Although various judgments were made exhibits, these judgments were not included in the record on appeal. Ordinarily we would affirm based upon an inadequate record, or order the record to be supplemented. We believe, however, that sufficient information can be gleaned from the trial court's findings to determine that a remand is in order.

The defendant appears to have been arrested for burglary in Davidson County on July 27, 1994, and released on bail August 7, 1994. In the next several months, while on bond for the Davidson County burglary charge, the defendant apparently also committed offenses in Williamson County which led to indictments for five (5) counts of forgery and one (1) count of failure to appear. The defendant was also charged in Davidson County with aggravated burglary. We are only able to determine that this offense was committed sometime prior to November 22, 1994.

The defendant was convicted and sentenced for the Williamson County offenses first. Williamson County, therefore, became the first sentencing court. On May 15, 1995, the defendant was sentenced in Williamson County to concurrent two (2) year terms for the forgery charges consecutive to a one (1) year term for the failure to appear,

2

yielding an effective three-year sentence. The sentences were suspended, and the defendant was placed on probation.

Shortly after the Williamson County sentencing, the defendant was sentenced in Davidson County to Community Corrections for consecutive terms of two (2) years for the burglary charge and three (3) years for aggravated burglary. Davidson County, therefore, became the second sentencing court. The defendant alleges that the Davidson County sentences ran concurrent with the Williamson County sentences, and the Davidson County court was aware of his Williamson County offenses at the time of sentencing; however, we are unable to verify this allegation absent a proper record.

In May 1996, while on probation in Williamson County and Community Corrections in Davidson County, the defendant pled guilty to driving under the influence of an intoxicant in Davidson County and was sentenced. As a result, the defendant's Community Corrections sentences in Davidson County were revoked, and he was remanded to serve his effective five-year Davidson County sentences. There is nothing in the record to indicate whether the Davidson County court made any reference to the Williamson County sentences..

On March 24, 1997, the Williamson County court found the defendant violated the terms of his probation by the being convicted of the DUI in Davidson County. The Williamson County court revoked the defendant's probation. For purposes of the revocation, the Williamson County court found it was the second sentencing court since Davidson County had already revoked Community Corrections and ordered confinement. The Williamson County court ordered the Williamson County sentences served consecutive to the Davidson County burglary conviction because it found the defendant had been released on bail for that Davidson County offense when the Williamson County offenses were originally committed.

The defendant contests the Williamson County court's authority to alter the

consecutive/concurrent nature of his sentences. We agree with the defendant's contentions.

## II.

Consecutive sentencing is addressed in Tenn. R. Crim. P. 32(c). The Williamson County court at the revocation hearing found the defendant committed the original offenses in Wiliamson County after he had been released on bail in Davidson County for the burglary charge. The Williamson County court at the revocation hearing found, therefore, that it was required to order consecutive sentences. Tenn. R. Crim. P. 32(c)(3) provides:

> (3) Mandatory Consecutive Sentences. Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> > (A) To a sentence for a felony committed while on parole for a felony;
> >
> > (B) To a sentence for escape or for a felony committed while on escape;
> >
> > (C) To a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses; and
> >
> > (D) Any other ground provided by law.

(emphasis added).

The defendant was convicted and sentenced for the Williamson County offenses first. When the defendant was subsequently sentenced in Davidson County, the trial court in Davidson County could have noted the Williamson County convictions were the result of offenses committed there while on bail from Davidson County and ordered the Davidson County sentences served consecutively to the Williamson County sentences. Tenn. R. Crim. P. 32(c)(3)(C). The fact that the Davidson County offense was committed first, yet Davidson County was the second sentencing court, would not prohibit Davidson

4

County from running its sentences consecutive to the Williamson County sentences as required by Tenn. R. Crim. P. 32(c)(3)(C). *See* State v. Blanton, 926 S.W.2d 953, 961 (Tenn. Crim. App. 1996).

## III.

While it appears the Williamson County court was correct in its determination that the defendant should be required to serve the Williamson County sentences and the Davidson County burglary sentence consecutively, the Williamson County court had no authority to so order. Williamson County was the first sentencing court and, at the time of the original sentencing in Williamson County, could not and did not order the Williamson County sentences to run consecutively to a yet to be imposed Davidson County sentence. Thus, the original sentence imposed by Williamson County was correct in making no reference to the Davidson County pending cases.

## IV.

The options available to a trial court upon revocation of probation are limited by statute. Tenn. Code Ann. § 40-35-311(d) provides:

> If the trial judge should find that the defendant has violated the conditions of his probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of his court, to revoke the probation and suspension of sentence and cause the defendant to <u>commence the execution of judgment as originally entered,</u> or otherwise in accordance with § 40-35-310; provided, that in case of such revocation of probation and suspension, the defendant has the right to appeal.

(emphasis added).

Tenn. Code Ann. § 40-35-310 provides:

> The trial judge possess the power, at any time within the maximum time which was directed and ordered by the court for such suspension, after proceeding as provided in § 40-35-311, to revoke and annul such suspension, and in such cases <u>the original judgment so rendered by the trial judge shall be in full force and effect </u>from the date of the revocation

5

of such suspension, and shall be executed accordingly; provided, that in any case of revocation of suspension on account of conduct by the defendant which has resulted in a judgment of conviction against him during his period of probation, the trial judge may order that the term of imprisonment imposed by the original judgment be served consecutively to any sentence which was imposed upon such conviction.

(emphasis added).

Thus, "a trial court that determines that a probation violation has occurred can cause execution of the <u>original judgment as it was originally entered</u>, *see* Tenn. Code Ann. § 40-35-310, -311, or can modify the defendant's conditions of supervision, including extending the defendant's probationary period for up to two years. *See* Tenn. Code Ann. § 40-35-308." <u>State v. Bowling</u>, 958 S.W.2d 362, 363 (Tenn. Crim. App. 1997)(emphasis added).

Under our revocation statutes a trial court does not have the authority to alter the original sentence to run it consecutive to another sentence except for an offense committed while on probation. When a trial court finds a defendant violated the terms of his probation, the trial court has the right to revoke the probation and "cause the defendant to commence the execution of judgment <u>as originally entered</u> . . ." Tenn. Code Ann. § 40-35-311(d)(emphasis added). The Williamson County trial court's only determination of consecutive sentencing is to the triggering offense upon which the revocation is based. *See* Tenn. Code Ann. § 40-35-310. That determination is discretionary with the trial court under this statute.

## V.

If the Williamson County offenses were committed when the defendant was on bail for the Davidson County burglary charge, we agree that the Williamson County sentence and the Davidson County burglary sentence should have run consecutively

6

pursuant to Tenn. R. Crim. P. 32(c)(3)(C). This should have been done by the Davidson County court at the time it originally sentenced the defendant. However, this cannot be done by Williamson County upon revocation of probation.

We know not whether the proper facts were made known to the Davidson County court at the time of the original sentence there or at its revocation hearing. We voice no opinion as to the propriety of Davidson County amending its sentences as those cases are not before us on appeal.

## VI.

Although not raised by the parties, we note that the revocation order contains errors as to the consecutive/concurrent nature of the six (6) Williamson County convictions. The revocation order runs one (1) forgery count concurrent with the failure to appear and the other four (4) forgery counts consecutive to the other two (2) counts. This does not appear consistent with the original judgments, nor does it appear to be consistent with the intentions of the trial court. The confusion appears to have arisen from improper matching of convictions with docket numbers.

## VII.

Upon remand, the trial court shall enter an order simply reinstating the original sentences without any reference to the Davidson County sentences. Further, there should be no alteration from the original judgments as to how the six (6) Williamson County sentences will be served in relation to each other. As we understand those judgments, all forgery counts run concurrent with each other, but the failure to appear count runs consecutive for an effective sentence of three (3) years. These sentences also run concurrent with the triggering Davidson County DUI since the trial court did not specify a consecutive sentence.

7

## CONCLUSION

This case is REVERSED AND REMANDED for entry of proper judgments and any further proceedings consistent with this opinion.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**CURWOOD WITT, JUDGE**

_____
**LEE MOORE, SPECIAL JUDGE**