IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 18, 2011

## STATE OF TENNESSEE v. ALMA CISNEROS CHILDERS

**Direct Appeal from the Circuit Court for Lincoln County**
**No. S1000094      Robert Crigler, Judge**

---

**No. M2011-00827-CCA-R3-CD - Filed January 23, 2012**

---

The defendant, Alma Cisneros Childers, appeals the sentence of incarceration she received following the revocation of her probation by the Lincoln County Circuit Court. She pled guilty to violating the terms and conditions of her probation but now contends that she should have been given a community corrections sentence rather than one of incarceration. After review, we conclude that the defendant has not shown that the trial court abused its discretion in ordering the revocation or in imposing a sentence of incarceration. Therefore, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JEFFREY S. BIVINS, J., joined.

Donna Orr Hargrove, District Public Defender, and Andrew Jackson Dearing, Assistant Public Defender, for the appellant, Alma Cisneros Childers.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Hollynn Eubanks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History

On November 2, 2010, the defendant pled guilty to initiating the process of manufacturing methamphetamine, a Class B felony, and to promotion of methamphetamine manufacture, a Class D felony. The defendant received agreed-to sentences of nine years and three years for the respective convictions. Further, the agreement provided that her sentences

were to run concurrently and be served on probation.

Less than one month later, on December 3, 2010, a probation violation warrant was issued against the defendant after her probation officer learned that the defendant had never resided at the address she had listed as her residence and learned of the defendant's drug use. On January 18, 2010, the defendant pled guilty to violating the terms of probation. A sentencing hearing was held on March 22.

At the sentencing hearing, Renee Howell, the defendant's probation officer, testified that, while preparing the presentence investigation report, she had relied upon information given to her by the defendant, which later proved to be incorrect or incomplete. The main omission by the defendant was the fact that she was already on probation in Alabama when she was placed on probation in Tennessee.

The next witness to testify was Tony Ray Otwell, who resided at 117 Short Creek Road in Delrose, Tennessee. This was the address given by the defendant as her permanent residence. Mr. Otwell testified that the defendant had never spent more than three days there at one time, had no belongings at the address, and had never resided at the address.

The next witness to testify was the defendant, who acknowledged that she had no home residence. She also admitted that she had been addicted to prescription pain medication for approximately ten years and that she had searched, unsuccessfully, for a long-term rehabilitation facility for treatment. She acknowledged purchasing drugs from Mr. Otwell during her probation. One of the consequences of her addiction was that custody of her children was taken from her. Nonetheless, she requested that a sentence less restrictive than confinement be imposed.

After hearing all the testimony and considering the presentence report, the trial court found that the defendant had indeed violated the terms of her probation based upon her drug use and her failure to provide accurate residence information. Thereafter, the court ordered that the defendant's sentence be served in confinement. The defendant filed a timely notice of appeal.

**Analysis**

On appeal, the defendant does not contest the trial court's finding that a violation of the terms and conditions of probation did occur. She simply argues that the trial court erred by requiring that she serve her sentence in incarceration. The State disagrees. After consideration of the defendant's claim under well-settled principles of law, we agree with the State.

If a trial court finds that a defendant "has violated the condition of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered or otherwise in accordance with [section] 40-35-310." T.C.A. § 40-35-311(e) (2010). When probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." T.C.A. § 40-35-310. Thus, the trial court retains the discretionary authority to order the defendant to serve the original sentence. *State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995). As this court has repeatedly noted, a trial court has but two options when a probation violation has been found by a preponderance of the evidence: (1) cause execution of the original judgment as it was originally entered or (2) modify the defendant's conditions of supervision, including extending the defendant's probationary period for up to two years. *See* T.C.A. §§ 40-35-308, -310, -311; *State v. Bowling*, 958 S.W.2d 362, 363 (Tenn. Crim. App. 1997).

The revocation of probation lies within the sound discretion of the trial court. T.C.A. §40-35-310; *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). The proof of a probation violation need not be established beyond a reasonable doubt, but the proof is sufficient if it allows the trial court to make a conscientious and intelligent judgment that the terms of probation have been violated. *Harkins*, 811 S.W.2d at 82. In order to show that a trial judge abused his or her discretion by revoking probation, the defendant must show that the record lacks substantial evidence supporting the trial judge's conclusion that a probation violation occurred and that, because of the violation, probation should be revoked. *Id*.

In this case, the defendant pled guilty to the violation, admitting that she gave incorrect residential information and that she used illegal drugs. As such, the defendant cannot now argue that the court abused its discretion by finding that a violation of probation occurred. Indeed, on appeal, the defendant is not contesting the court's revocation of her probation; rather, she argues only that the trial court erred by ordering a sentence of incarceration afterward. She asserts that Community Corrections is the more appropriate sentence because her crimes were not violent and because she needs job training and drug treatment.

However, the defendant has failed to show that the trial court's determination was in error. Upon a finding that a violation had occurred, the court was statutorily authorized to again impose the sentence as originally entered. The court stated on the record that it felt that the defendant, based upon the proof presented, was not an appropriate candidate to be returned to an alternative sentence. Nothing in the record indicates that the finding was an abuse of discretion. Thus, the defendant is not entitled to relief.

**CONCLUSION**

After concluding that there was no abuse of discretion, we affirm the determinations made by the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE