# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 13, 2011

## STATE OF TENNESSEE v. ALEX C. NOLAN

**Direct Appeal from the Circuit Court for Bedford County**
**No. 15717     Robert Crigler, Judge**

**No. M2011-01569-CCA-R3-CD - Filed March 12, 2012**

The defendant, Alex C. Nolan, appeals the sentence of incarceration he received following the revocation of his probation by the Bedford County Circuit Court. He was convicted of possession of cocaine with the intent to sell and sentenced to eleven years of incarceration. However, the defendant was released onto probation by the Department of Correction through the boot camp program. Thereafter, a probation violation warrant was issued, charging the defendant with multiple violations of the terms and conditions of his probation. The defendant pled guilty to violating those terms, but he now contends that the trial erred by ordering the remainder of his sentence be served in incarceration. After review, we conclude that the defendant has not shown that the trial court abused its discretion in ordering the revocation or in imposing a sentence of incarceration. Therefore, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Donna Orr Hargrove, District Attorney General, and A. Jackson Dearing, III, Assistant Public Defender, for the appellant, Alex C. Nolan.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Charles Frank Crawford, Jr., Attorney General and Reporter; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History

In 2005, the defendant was found guilty of possession of cocaine with the intent to sell and sentenced to a term of eleven years in the Department of Correction. However, the defendant was allowed by the Department of Correction to participate in the boot camp program. Following its completion, the defendant was released onto supervised probation for the duration of his sentence. However, on January 5, 2009, a probation violation warrant was issued against the defendant charging multiple violations of his probation, including an arrest for new charges, failure to report and pay costs or fees, a failed drug screen, and moving without permission or notification to his probation officer.

The probation violation report also contained notes regarding an incident in September 2008. It was at this point that the defendant tested positive for drugs and was behind on his fees and costs. The defendant was given the opportunity to again comply with the terms of probation, rather than having a violation warrant immediately issued. As part of that compliance, he was to complete a drug and alcohol program, as well as follow a payment schedule to bring his payments current. However, the defendant failed to comply with these conditions and incurred additional violations. As a result, the violation warrant was issued.

At the probation violation hearing, the defendant pled guilty and acknowledged to the court that he had violated the terms and conditions of his probation. He specifically acknowledged that he had tested positive for marijuana and cocaine, that he had incurred new charges and was convicted of driving on a revoked license, and that he had failed to meet with his probation officer since October 2008. He further acknowledged that he had failed to attend all the required meetings of the alcohol and drug program to which he had been ordered. He testified that he had enrolled in the program and had attended a few classes, but he then lost his job and was unable to afford the twenty-dollar fee required to attend. He admitted that he had been dropped from the program.

The defendant further testified that, while serving this probation, he was also arrested in Hamilton County for child support arrearage. While serving that sentence, he attended a drug and alcohol education class, an anger management class, a parenting class, and was accepted into a job training program. The defendant asked the court to return him to probation so he could seek further drug and alcohol treatment. He stated that he was living with his sister and was currently "drug free." He believed that he could get a job and agreed to take random drug screens if he was given an alternative sentence. The defendant's sister also testified, stating that the defendant could continue living with her and that she would be the one to make the "first call" if the defendant violated the terms of his alternative sentence.

After hearing the evidence presented and reviewing the evidence in the record, the trial court revoked the defendant's probation after determining that he had violated the terms

of his probation. Thereafter, the court determined that the defendant was not a proper candidate for an alternative sentence and ordered that the balance of his sentence be served in the Department of Correction. The defendant has now timely appealed that decision.

**Analysis**

On appeal, the defendant contends that the trial court improperly required him to serve the balance of his sentence following the revocation of probation. He does not contest the trial court's finding that a violation occurred or the subsequent revocation. Rather, according to his argument in the brief, the defendant violated the terms and conditions of probation only by testing positive for a controlled substance, specifically stating that he "did not violate in any other fashion other than testing positive." Based upon that assertion, he urges that the trial court should have based its sentencing determination upon how the defendant violated probation, asserting that "split confinement followed by mandatory inpatient drug rehabilitation" is the proper sentence. In other words, the defendant urges that the court should have looked to the reason for the violation, *i.e.*, drug use, and tailored a sentence which addressed "the heart of the problem."

If a trial court finds that a defendant "has violated the condition of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered or otherwise in accordance with [section] 40-35-310." T.C.A. § 40-35-311(e) (2010). When probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." T.C.A. § 40-35-310. Thus, the trial court retains the discretionary authority to order the defendant to serve the original sentence. *State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995). As this court has repeatedly noted, a trial court has but two options when a probation violation has been found by a preponderance of the evidence: (1) cause execution of the original judgment as it was originally entered or (2) modify the defendant's conditions of supervision, including extending the defendant's probationary period for up to two years. *See* T.C.A. §§ 40-35-308, -310, -311; *State v. Bowling*, 958 S.W.2d 362, 363 (Tenn. Crim. App. 1997).

A trial court may revoke probation upon a finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2010). The revocation of probation lies within the sound discretion of the trial court. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). In order to show that a trial judge abused his or her discretion by revoking probation, the defendant must show that the record lacks substantial evidence preponderating against the trial judge's conclusion that a probation violation occurred and that, because of the violation, probation should be revoked. *Id*.

In ordering a sentence of incarceration following the revocation, the trial court made several findings and conclusions on the record. The court noted that the defendant had a "pretty good bit of a record," which included convictions for possession of marijuana, domestic assault, possession of a Schedule II controlled substance, possession of a weapon with intent to go armed, a weapons conviction, "bail jumping," driving on a suspended license, public intoxication, two counts of assault, two convictions for driving under the influence conviction, and three convictions for criminal trespass. The court then continued:

> Then of course you have got this conviction, felony conviction, here [eleven]-year sentence. Then even - - [did not] have to serve that, even though that was my decision in the case. Th[ey] put you in the boot camp instead.
>
> Then even after that when you had a violation the probation [officer] in Hamilton County diverted violation without bringing it to my attention, which my rule here is I am supposed - - my probation officers are supposed to let me know when there is a violation.
> But they gave you an ACRC without reporting it for violations.
>
> Then again after that you still have violations for being convicted of revoked drivers license; failing a drug screen; past due supervision fees; and failure to report for a couple of months where they said you [did not] respond to letters, phone calls; whereabouts were unknown.
> . . . .
> I am going to order you to serve the balance of the sentence.

Again, we note that the defendant is not contesting the revocation of probation, which would be futile in light of the fact that the defendant pled guilty to those violations. He only contests the determination that the sentence be served in incarceration. Initially, we must note that the argument put forth in the defendant's brief is flawed in that it appears to rely on the fact that the defendant violated probation only by using drugs. From our reading of the record before us, that is not the case. Indeed, the trial court identified, and the defendant admitted to, multiple violations of the terms and conditions of probation.

Regardless, the defendant has simply failed to show that the trial court's determination was in error. Upon a finding that a violation had occurred, the court was statutorily authorized to reimpose the sentence as originally entered. The trial court stated that, because of the defendant's criminal record and his failure to comply with the release despite multiple chances, he was simply not an appropriate candidate for alternative sentencing. Nothing in the record before us indicates that the finding was an abuse of discretion as the defendant has failed to establish evidence which preponderates against the court's finding. Thus, the

defendant is not entitled to relief.

## CONCLUSION

After concluding that there was no abuse of discretion, we affirm the determination made by the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE