## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## JUNE SESSION, 1999

**FILED**

August 4, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 02C01-9812-CR-00375 |
| Appellee | ) | |
| | ) | SHELBY COUNTY |
| vs. | ) | |
| | ) | Hon. James C. Beasley, Jr., Judge |
| STACY L. FLEMING, | ) | |
| | ) | (Sentencing) |
| Appellant | ) | |

For the Appellant:

**Marty McAfee**
Asst. Shelby Co. Public Defender
201 Poplar, Suite 2-01
Memphis, TN 38103

**A C WHARTON, JR.**
Shelby Co. Public Defender

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Patricia C. Kussmann**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**William L. Gibbons**
District Attorney General

**Robert Carter**
Asst. District Attorney General
201 Poplar Avenue
Third Floor
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED; REMANDED FOR RESENTENCING

**David G. Hayes**
Judge

## OPINION

The appellant, Stacy L. Fleming, appeals the decision of the Shelby County Criminal Court revoking his probation and remanding him to the Department of Correction for service of his original eight year sentences. In his sole assignment of error, the appellant questions "[w]hether the trial court has jurisdiction to amend or modify a determinate release probation determination made by the Tennessee Department of Correction."

We conclude that the trial court does have the authority to amend or modify a probated determinate release sentence after finding a violation of the conditions of probation. Accordingly, we remand to the trial court for consideration of permissible sentencing options in accordance with Tenn. Code Ann. §§ 40-35-308, -310, -311 (1997).

On February 13, 1995, the appellant pled guilty to three counts of possession of cocaine with intent to deliver, class B felonies. Pursuant to a negotiated plea agreement, the trial court sentenced the appellant to three concurrent eight year sentences in the Tennessee Department of Correction. On January 31, 1996, TDOC placed the appellant on determinate release probation after the appellant's successful completion of the boot camp program. Subsequently, a revocation warrant alleging various violations of the terms and conditions of his release issued in January 1998. A hearing was held on November 5, 1998.

At the revocation hearing, Robert Todd, the appellant's probation officer, testified that the appellant was in non-compliance with the terms and conditions of his probation. Specifically, Todd recounted that :

> [On] June 20th of 1997, [the appellant] was arrested in Tipton County for simple possession of marijuana, reckless endangerment, vehicular assault, two counts, felony evading arrest. On March the 20th of 1998, he was indicted on a felony evading arrest and that has been set for Court on November 18th of this year.
>
> And he owes $845.00 on his probation fees. And I checked with the clerk's office here and he has not paid any on his Court costs.
>
> And he has absconded from probation. The last time I met with him was on March 6th of 1998. And I've sent numerous letters and phone calls.

The appellant conceded that he had violated the conditions of his release status on numerous occasions, although he explained that "at the time there was a lot of problems occurring in my life and I just failed to maintain my responsibilities, sir. I'm very sorry for it."

The trial court found that the appellant had violated the terms of his probation and reinstated the original judgments of conviction. The court, in pronouncing its decision, concluded, however, that it lacked jurisdiction to amend or modify the

2

terms of the probated sentence. Rather, the court acted under the belief that, if it determined that the appellant violated the conditions of probation, the court had no authority other than to revoke probation and order confinement.[1]

## Analysis

After a review of the record, we find the trial court mistaken in its interpretation of its authority in the present case. Tenn. Code Ann. § 40-20-206 (1997) authorizes the trial court to revoke an offender from release status imposed by the Department of Correction after completion of the boot camp program in accordance with the provisions of § 40-35-311(1997). See also State v. Ronnie William Taylor, No. 02S01-9704-CC-00028 (Tenn. at Jackson, June 7, 1999) (*for publication*); State v. Bruce Cole, No. 02C01-9708-CC-00324 (Tenn. Crim. App. at Jackson, June 11, 1998). Thus, the trial court's authority for revoking an offender from a Department of Correction release status does not differ from its authority to

---

[1]The court opined:
Since he's been sentenced to the Tennessee Department of Corrections [sic], the violations imposed are actually violations . . .based on the agreement that he had with the Tennessee Department of Corrections [sic].

I do not think that I have the authority to do anything other than pass on whether or not there's been a violation. Whether I can amend it. Whether I can keep him out on probation. Whether or not I can change it to Community Corrections. Whether or not I can do anything. I don't think I have the authority to do that.

I think based upon the fact that he's been released by the Department of Corrections [sic], after being sentenced to the Department of Corrections [sic], . . .I lose jurisdiction over him. I have the authority to pass on whether or not there's a technical violation. And if there is, I don't think I have any other choice, but to grant it.
. . .
. . . if the Department of Corrections [sic] . . .proved that he's violated . . . if I dismiss it, or if I don't revoke it, then in effect, I'm putting him on probation . . . and I don't think I've got that authority anymore. Because I think he's in the custody of the Tennessee Department of Corrections [sic].
. . .
. . .[T]he only options that I have are to either find that there's been a violation, or that there has not been a violation. And in the event that I find there is a violation, I do not think that I have the right or the authority to refuse the State's petition, based on the fact that this is a special situation set up by the Tennessee Department of Corrections [sic].

revoke an offender from judicially imposed probation.

If the trial court finds, by a preponderance of the evidence, that the defendant has violated the conditions of his probation, the court has the authority to revoke the probation and reinstate the judgment as originally entered. See Tenn. Code Ann. § 40-35-311(d); State v. Ronnie William Taylor, No. 02S01-9704-CC-00028. The trial court also retains the option to "make the conditions of supervision more onerous than those originally imposed" and/or "extend the defendant's period of probation supervision for any period not in excess of two years." See Tenn. Code Ann. § 40-35-308 (b), (c) (1997); See also State v. Bruce Cole, No. 02C01-9708-CC-00324. Thus, the trial court, upon a finding that the defendant has violated a condition of probation, may either reinstate the judgment as originally entered or modify and/or amend the conditions of his probated sentence.[2] See Tenn. Code Ann. §§ 40-35-308; -310; -311; State v. Bowling, 958 S.W.2d 362, 363 (Tenn. Crim. App. 1997).

The standard of appellate review of a probation revocation is abuse of discretion, rather than a *de novo* standard. See State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Delp, 614 S.W.2d 395 (Tenn. Crim. App. 1980)); State v. Augusta Thomas Robinson, No.03C01-9709-CR-00405 (Tenn. Crim. App. at Knoxville, June 3, 1998). This means that, if the record presents substantial evidence to support revocation, the trial court's action will be approved. Id. (citing Harkins, 811 S.W.2d at 82). In other words, the evidence need only show that the trial judge has exercised "conscientious and intelligent judgment in making the decision rather than acting arbitrarily." See State v. Leach, 914 S.W.2d 104, 107 (Tenn. Crim. App. 1995) (citing Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980), perm. to appeal denied, (Tenn. 1981)). Thus, in reviewing the trial court's action, it is our

---

[2]The trial court may also "order the term of imprisonment imposed by the original judgment be served consecutively to any sentence which was imposed upon such conviction." See Tenn. Code Ann. §40-35-310 (1997).

4

obligation to examine the record and determine whether the trial court has exercised a conscientious judgment. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

In the present case, the trial court found that the appellant violated various conditions of his probation. The record contains ample evidence to support this conclusion. Accordingly, this finding was not an abuse of the court's discretion. However, the court reinstated the appellant's original sentences based solely on the ground that the court had no other option but to order execution of the original judgment. Again, statutory authority provides the trial court discretion in determining whether a probationer who violates the privilege of probation should have his original sentence imposed or the conditions of such sentence amended or modified. See State v. Ricky Aaron Brinkley, No. 01C01-9401-CR-00013 (Tenn. Crim. App. at Nashville, Aug. 11, 1994). Indeed, the law requires the trial judge to conscientiously consider what punishment will best serve the public and the defendant. State v. Ricky Aaron Brinkley, No. 01C01-9401-CR-00013. The trial court based its decision solely on the basis that it lacked jurisdiction to act otherwise. Thus, the court's decision cannot be found to be the result of the exercise of conscientious and intelligent judgment. Accordingly, we conclude that the trial court abused its discretion in ordering the imposition of the appellant's original sentence. Because the trial court failed to enter any other findings relative to its decision to reinstate the appellant's original sentence, we find it necessary to remand this case for proper consideration of the various sentencing options in accordance with Tenn. Code Ann. §§ 40-35-308; -310 ; and -311(d).

Accordingly, the judgment of the trial court finding the appellant to be in violation of the condition(s) and terms of his probated release status is affirmed. However, because we find that the court abused its discretion in reinstating the appellant's original sentence, this cause is remanded to the trial court for

5

consideration of authorized sentencing options.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
DAVID H. WELLES, Judge



_____
NORMA OGLE, Judge
_____