# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs on April 26, 2011

## STATE OF TENNESSEE v. JEREMY LIEUTENANT FUQUA

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 261746 & 261820      Rebecca J. Stern, Judge**

**No. E2010-02148-CCA-R3-CD - Filed November 22, 2011**

In May, 2007, Defendant, Jeremy Lieutenant Fuqua, pled guilty to various offenses, including three counts of aggravated burglary, a Class C felony, and one count of Class C felony theft. He received a sentence of four years for each conviction of aggravated burglary and a sentence of three years for the theft conviction, with all sentences to be served consecutively with each other for an effective sentence of fifteen years. Defendant was given the opportunity to serve the entire sentence on probation. Subsequently, there were three separate probation violation proceedings, but ultimately none resulted in revocation of the entire probation sentence. The fourth probation violation proceeding, which is the subject of this appeal, was filed based upon new criminal charges, failure to report arrests, and various technical violations. After a hearing the trial court revoked Defendant's probation and ordered the entire effective sentence of fifteen years to be served by incarceration. On appeal, Defendant does not challenge the findings that he violated his probation; he does insist that he should not have been ordered to serve his entire sentence. We affirm the judgments of the trial court in each conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS, J., joined. DAVID H. WELLES, SP.J., not participating.

Ardena J. Garth, District Public Defender; Richard Kenneth Mabee, Assistant Public Defender; and Blake Murchison, Assistant Public Defender, Chattanooga, Tennessee, for the appellant, Jeremy Lieutenant Fuqua.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; William H. Cox, III, District Attorney General; and Brian Finlay, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

*Background*

Defendant's conduct on various occasions pertinent to this case (his fourth probation violation proceeding) caused five separate probation violation reports to be issued. Our review of the record shows that the most egregious of the violations occurred while Defendant was in custody pending the hearing of this probation violation warrant. According to the violation report,

> On or about 2/24/10, [Defendant] was arrested for [a]ggravated [a]ssault. According to the affidavit of complaint compiled by CCA Investigator Michele Johnson, on 2/24/10 inmate [Defendant] assaulted Correctional Officer Robert Woods. Officer Woods was performing his duties at the Silverdale Correctional Facility. Officer Woods was beaten unconscious and required immediate outside medical treatment via ambulance.

Defendant's probation officer, Jennifer Laferry, was the only witness who testified at the probation violation hearing. Including some convictions which occurred early in his probation and did not result in revocation, Defendant had been convicted of the following offenses while on probation: public intoxication, criminal trespassing, selling alcohol to a minor, vandalism, theft, assault, and aggravated assault. The assault conviction resulted from the incident with the correctional officer, and the aggravated assault conviction, which was from a guilty plea the week prior to his revocation hearing, was after Defendant "beat somebody in the head with some kind of blunt object" in Bledsoe County. Defendant was in Bledsoe County without the permission of his probation officer.

*Analysis*

If a trial court finds that a defendant "has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of the sentence and [c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise, in accordance with § 40-35-310." Tenn. Code Ann. § 40-35-311(e). The revocation of probation lies within the sound discretion of the trial court. Tenn. Code Ann. § 40-35-310; *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Subblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The trial judge must, however, adduce sufficient evidence during the probation revocation hearing to allow him to her to make an intelligent decision. *See Mitchell*, 810 S.W.2d at 735.

When probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of the suspension." Tenn. Code Ann. § 40-35-310. Thus, the trial court retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995). As this Court has repeatedly noted, a trial court has but two options when a probation violation has been found by a preponderance of the evidence: (1) cause execution of the original judgment as it was originally entered, or (2) modify the defendant's conditions of supervision, including extending the defendant's probationary period for up to two years. *See* Tenn. Code Ann. §§ 40-35-308, 310, 311; *State v. Bowling*, 958 S.W.2d 362, 363 (Tenn. Crim. App. 1997).

When a probation revocation is challenged, the appellate courts have a limited scope of review. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, it must be established that the record contains no substantial evidence to support the trial judge's conclusion that a probation violation occurred and that because of the violation, probation should be revoked. *See Harkins*, 811 S.W.2d at 82; *Stubblefield*, 953 S.W.2d at 226. The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. *Harkins*, 811 S.W.2d at 82 (citing *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)).

Defendant's argument on appeal is limited. He asserts that this Court should reverse the trial court and order "some other remedy other [than] full service of the sentence in the [Tennessee Department of Correction]." The State disagrees. We agree with the State.

The following transpired at the conclusion of the revocation hearing:

| | |
|---|---|
| THE COURT: | Is the defendant offering any proof? |
| [DEFENSE COUNSEL]: | No, Your Honor. |
| THE COURT: | Anybody want to be heard further? I mean, I know you're asking to just have him back on probation, but. |
| [DEFENSE COUNSEL]: | Well, Your Honor, this is a very lengthy term that [Defendant] is facing. It's a 15-year – |
| THE COURT: | And he has a very lengthy record, too. |

[DEFENSE COUNSEL]:   And I understand that, Your Honor, and [Defendant] understands that as well. That aggravated assault that was mentioned was actually just pled last week. It was a three-year sentence which was going to run consecutive to whatever happens here today. [Defendant] has certainly had some opportunity before you, but given the length of time that he will be serving, he would request the Court to some lenience as far as what would be required of him to serve. He does expect that he will have to serve something, but.

THE COURT:   Well, I think that's why he kept getting the breaks that he didn't take advantage of because no one wanted to make him go serve that much time. I'm sure that's why, but time's up. Sorry. He's blown it this time. He's been given so many opportunities it's unbelievable. Eight new convictions. Some of them for assaults. Going out of town to Bledsoe County without permission, not paying his restitution, not being full time employed. Petition to revoke is sustained. His sentence is ordered into execution. He will be given credit for time served.

Our review of the record leads us to conclude that the trial court's ruling is soundly based. Defendant is not entitled to relief in this appeal.

**CONCLUSION**

The trial court's judgments revoking probation are affirmed.

_____
THOMAS T. WOODALL, JUDGE