IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2013

**STATE OF TENNESSEE v. DERRICK LAMAR COLE**

**Appeal from the Circuit Court for Madison County**
**No. 11-501      Donald H. Allen, Judge**

**No. W2013-00350-CCA-R3-CD - Filed July 10, 2013**

The defendant, Derrick Lamar Cole, appeals the Madison County Circuit Court's ordering that his sentences be served consecutively, rather than concurrently, upon the revocation of his probation, a position with which the State concurs. Following our review, we conclude that the trial court erred; therefore, we reverse the trial court's imposition of consecutive sentences and remand for entry of an order that the sentences be served concurrently.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JERRY L. SMITH, J., joined.

Gregory D. Gookin, Assistant Public Defender, for the appellant, Derrick Lamar Cole.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Brian Matthew Gilliam, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 23, 2012, the defendant pled guilty to possession of marijuana with intent to sell or deliver, a Class E felony, and possession of drug paraphernalia, a Class A misdemeanor. He was sentenced to concurrent terms of two years and eleven months and twenty-nine days, respectively, suspended to probation after service of forty-five days in the county jail. On November 2, 2012, a violation of probation warrant was issued for the defendant's arrest but, after a hearing, the defendant was found not in violation and the warrant was dismissed.

On January 9, 2013, another violation of probation warrant was issued for the defendant's arrest. The trial court conducted a hearing, at which the defendant admitted that he tested positive for marijuana on December 27, 2012, and had not paid all of the agreed court costs as he was only recently employed. At the conclusion of the hearing, the trial court found that the defendant had violated his probation by failing to remain drug-free, failing to obtain employment, and failing to pay court costs and fines. The trial court revoked the defendant's probation and ordered that he serve his sentences consecutively, rather than concurrently as reflected in the original judgments. The defendant does not contest the revocation of his probation, only the ordering of consecutive sentences. The State agrees that the trial court erred in ordering consecutive sentences.

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the *original* sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2010). The revocation of probation lies within the sound discretion of the trial court. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)).

At the revocation hearing, the trial court revoked the defendant's probation and ordered him to serve the "11 months and 29 day sentence first and then once he's completed that sentence then he'll be transferred to the Tennessee Department of Corrections to serve the balance of the two year sentence. I do want him serving this 11/29 day sentence first." When defense counsel pointed out that the original sentences were concurrent, the court responded, "[T]hey [we]re concurrent, but that's what I'm saying I'm going to order him to serve the 11/29 first before he gets transferred to TDOC to serve his two year sentence."

Upon finding that a violation occurred, the trial court had the authority to commence execution of the original judgments as they were entered but did not have the authority to increase the defendant's original sentence. See State v. Taylor, 992 S.W.2d 941, 945 (Tenn. 1999) (holding that, upon revocation of probation, the trial court had no authority to increase the defendant's sentences or to run them consecutively rather than concurrently); State v. Bowling, 958 S.W.2d 362, 364 (Tenn. Crim. App. 1997). By running the defendant's sentences consecutively, the trial court improperly increased the defendant's sentences. Therefore, we reverse and remand for entry of an order reflecting that the defendant's

sentences are to be served concurrently.

 

_____
ALAN E. GLENN, JUDGE