IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
May 15, 2013 Session

**STATE OF TENNESSEE v. KELLY RUTH OSTEEN**

**Appeal from the Circuit Court for Williamson County
Nos. II-CR084352, II-CR065737, II-CR085803    James G. Martin, III, Judge**

_____

**No. M2012-02327-CCA-R3-CD - Filed August 1, 2013**

_____

The Defendant, Kelly Ruth Osteen, pled guilty to aggravated burglary, theft of property valued under $500.00, fraudulent use of a credit card or debit card, and illegal possession of a credit card or debit card.  The trial court sentenced the Defendant to a total effective sentence of three years, to be served on supervised probation.  This sentence was to run concurrently with another sentence, number II-CR084354.  After each of two subsequent arrests for additional criminal offenses in case number II-CR065737 and case number II-CR085803, a probation violation warrant was issued.  The trial court revoked the Defendant's probation , ordering her to serve seventy days and then return to supervised probation with an additional condition that she successfully complete the 21st Judicial District Drug Court program.  Thereafter, another probation violation warrant was issued for the Defendant's failure to complete the drug court program, and, after a hearing, the trial court revoked the Defendant's probation and ordered that she serve her sentence in jail. On appeal, the Defendant contends that the trial court did not have jurisdiction to revoke her sentence and seeks jail credit for time she spent participating in the drug court program.  After a thorough review of the record and applicable law, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JEFFREY S. BIVINS and ROGER A. PAGE JJ., joined.

Joseph D. Baugh, Franklin, Tennessee, for the Appellant, Kelly Ruth Osteen.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Kim R. Helper, District Attorney General; and Mary Katharine White, Assistant District Attorney

1

General, for the Appellee, State of Tennessee.

## OPINION
### I. Facts

This case arises from the Defendant's violation of multiple probation sentences. On February 8, 2010, in case number II-CR-84352, the Defendant pled guilty to aggravated burglary, theft valued under $500.00, fraudulent use of a credit or debit card, and illegal possession of a credit or debit card. On April 6, 2010, the trial court sentenced the Defendant to serve three years on supervised probation. The judgment reflects that this sentence was to run concurrently with the sentence in case number II-CR084354. The following day, the Defendant signed a probation order that reflected a three-year sentence, under the supervision of the Tennessee Board of Probation and Parole, that would expire on April 6, 2013.

Thereafter, the Defendant was charged, in case number II-CR065737, with reckless endangerment, leaving the scene of an accident, three counts of driving under the influence, driving under the influence with a minor, and vandalism under $500.00 for offenses committed on March 13, 2011. On June 10, 2011, police charged the Defendant, in case number II-CR085803, with two counts of driving under the influence and attempted reckless endangerment. Probation violation warrants were filed on March 21, 2011, for the March arrest and on June 13, 2011, for the June arrest.

On August 2, 2011, the Defendant pled guilty in both cases II-CR065737 and II-CR085803, and the trial court sentenced her to serve three years on supervised probation. On that same day, the trial court revoked the Defendant's probation sentence for case number II-CR084352 and ordered her to serve seventy days in jail followed by reinstatement to probation, with an additional condition that she participate in and complete the 21st Judicial District Drug Court program. The probation revocation order reflects that the original sentence length in case number II-CR084352 was three years. As to the drug court requirement, the revocation order states as follows:

> Defendant will be reinstated to probation with the condition [that] he/she serve seventy (70) days in jail beginning August 2, 2011. . . . Not completing the 21st Drug Court program is deemed a violation of the terms and conditions of probation.

On October 26, 2011, the Defendant signed another probation order for her sentence in case number II-CR084352 that indicated that the Defendant pled guilty on February 8, 2010, the trial court sentenced her to serve three years on supervised probation on April 6, 2010, and the expiration of this sentence was April 6, 2012.

2

The following year, the Defendant was terminated from the drug court program,[1] and a probation violation warrant was issued due to this termination for cases II-CR084352, II-CR065737, and II-CR085803. The Defendant filed a "Motion to Credit Time on Alternative Sentence," on August 20, 2012, and a brief on the same issue on August 27, 2012.

On August 20, 2012, and October 2, 2012, the trial court held hearings, during which the Defendant asserted that the sentence in case number II-CR084352 could not be revoked due to her termination from the drug court program because the sentence had expired. The Defendant based her assertion on the second probation order, which indicated an expiration date of April 6, 2012. The trial court found that the April 6, 2012 sentence expiration date on the second probation order was a "clerical error" and stated the following in its subsequent order:

> After hearing arguments of counsel and reviewing the record as a whole, the Court finds that said probation order contained a clerical error. Based on the judgments, other orders and even the probation order in question, it is clear that the [D]efendant was sentenced to three (3) years. The [second] probation order listed the expiration date of the probationary sentence as April 6, 2012, which amounted to a mere two (2) year sentence. The record fully supports that the said expiration date was a miscalculation and as such a clerical error. Therefore, the [D]efendant's probation was to expire April 6, 2013 as opposed to the listed date of April 6, 2012.

The trial court issued a written order on October 2, 2012, revoking the Defendant's probation for case number II-CR084352, and it placed her sentence into effect. As to the Defendant's request for jail credit for the time spent participating in the drug court program, the trial court found a distinction between being sentenced to a program and being required to complete a program as a condition of probation. In this case, the trial court concluded that completing the drug court program was a condition of probation and, therefore, only jail time due to sanctions would be applied as credit toward her sentence. It is from this judgment that the Defendant now appeals.

## II. Analysis

---

[1] The Defendant was terminated from drug court for testing positive for opiates, her use of prescription drugs without informing drug court, tampering with the drug test, and forging her meeting sheets.

3

The Defendant contends the trial court lost jurisdiction to revoke her probation sentence in case numbers II-CR084354 and II-CR084352. The Defendant also contends that drug court is a community-based alternative that qualifies for jail credit and seeks credit for her time spent participating in the drug court program. The State responds that the trial court properly revoked the Defendant's probation and that the Defendant's issue regarding jail credit is not properly before this Court.

## A. Expiration of Sentence for Case Numbers II-CR084352 and II-CR084354

The Defendant asserts that the trial court lacked jurisdiction to revoke her probation because her probation sentences had expired prior to the issuance of the warrant for violating probation. In so doing, she relies upon the second probation order, which states that the expiration of the sentences is on April 6, 2012. The State first addresses case number II-CR084354, arguing that the Defendant has waived the issue as it pertains to this case for failure to provide a full and complete record.

The judgment form or forms for case number II-CR084354 are not included in the record, nor is a transcript of the sentencing hearing. Further, the Defendant's notice of appeal does not reference this case. It is the Defendant's duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to the issues which form the basis of the appeal" and will enable the appellate court to decide the issues. Tenn. R. App. P. 24(a); *see State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999).

> It is well-established that an appellate court is precluded from considering an issue when the record does not contain a transcript or statement of what transpired in the trial court with respect to that issue. Moreover, the appellate court must conclusively presume that the ruling of the trial judge was correct, the evidence was sufficient to support the defendant's conviction, or the defendant received a fair and impartial trial. In summary, a defendant is effectively denied appellate review of an issue when the record transmitted to the appellate court does not contain a transcription of the relevant proceedings in the trial court.

*State v. Draper*, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990). We agree with the State that the omission of the judgment form or forms, which contains the sentence, precludes us from review. The Defendant has, therefore, waived review of this issue. Because the record is complete as to case number II-CR084352, we now address the Defendant's issue as it relates to this case.

A trial court's authority to revoke a suspended sentence is derived from Tennessee

Code Annotated section 40-35-310 (2010), which provides that the trial court possesses the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2010). If a trial court revokes a defendant's probation, its options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. § § 40-35-308(a), (c), -310 (2010); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999). The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In order for this Court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001).

As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or specified post-trial motion is filed. Tenn. R. App. P. 4(a) and (c). Pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure, however, the trial court retains limited power to correct clerical mistakes in judgments and other errors in the record arising from oversight or omission. Rule 36, in pertinent part, provides that "the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission."

In case number II-CR084352, there is an April 6, 2010 judgment that shows that the trial court entered a sentence of three years to be served on probation. There is also an April 7, 2010 Probation Order, signed by the Defendant, showing that she was sentenced to a three-year sentence to be served on supervised probation with the sentence expiring on April 6, 2013. The probation violation reports filed in case number II-CR084352 show a three-year sentence. The first Probation Revocation Order reflects that the Defendant's sentence for case number II-CR084352 is three years and is signed by the Defendant's attorney. The October 26, 2011 Probation Order, that provides April 6, 2012, as the sentence expiration date, also shows that the Defendant was sentenced on April 6, 2010, to a three-year sentence. Based on the record as a whole, it is clear, as stated by the trial court, that the error on the second Probation Order is a clerical error. Every document in the record indicates that the Defendant was to serve a three-year sentence entered on April 6, 2010. We note that the one date upon which the Defendant asks us to rely is contradicted by every other document in the record that references the Defendant's sentence.

The record fully supports that the Defendant's sentence was to expire on April 6,

5

2013, and, therefore, the trial court had jurisdiction to revoke the Defendant's probation in 2012. The Defendant is not entitled to relief as to this issue.

## B. Jail Credit for Time in the Drug Court Program

The Defendant asserts that the trial court improperly denied jail credit for her time spent participating in the drug court program. The State responds that the Defendant does not have an appeal as of right under Tennessee Rule of Appellate Procedure 3(b) for the denial of jail credits.

Tennessee Rule of Appellate Procedure 3(b) governs appeals of right by defendants in criminal cases.

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

In our view, this issue is properly before us. Unlike the *Russ* case cited by the State, the Defendant in this case appeals from the trial court's order revoking her probation. *See State v. Noah Chris Russ*, M2007-00676-CCA-R3-CD, 2008 WL 624919 (Tenn. Crim. App., March 10, 2008), *no Tenn. R. App. P. 11 application filed*. In *Russ*, no appeal of the revocation was filed, but two years after the revocation, the defendant filed a motion requesting that the trial court give him sentencing credits for the time he spent participating in a drug court program. *Id.* at 1. Secondly, the issue presented here by the Defendant is broader than a dispute over the calculation of jail credits. The Defendant claims that her time spent participating in a drug court program is the equivalent of time served in a community-based alternative to incarceration, and jail credits for the time spent in that program should, as a matter of law, be credited to the Defendant pursuant to Tennessee Code Annotated section 40-36-106(e)(4) (2010). This statute directs trial courts to give defendants credit for

6

time "actually served in any community-based alternative to incarceration." The Defendant acknowledges that drug court is not specifically listed as a community-based program in the governing statutes but argues that the goals and purposes are similar and, therefore, drug court participants should be afforded jail credit under section 40-36-106. *See* T.C.A. § 40-35-302 (2010).

This Court, however, has recognized the distinction between the revocation of a community correction sentence and a probation revocation. *See State v. Bowling*, 958 S.W.2d 362, 363 (Tenn. Crim. App. 1997). After the hearing, the trial court stated:

> Drug court is a condition of her probation; and that appears to be pretty clear from the orders . . . and it's clear from [the] colloquy I had with [the Defendant's attorney]. You agree that it's a condition of [the Defendant]'s probation. Then she was required to successfully complete the drug court. So the distinction here is if you were sentenced to a community based alternative, then you would be given credit for it. In this case, [the Defendant] was not sentenced to "drug court." As a condition of her probation, she was required to successfully complete the drug court.

The record is clear in this case that the trial court did not impose a community correction sentence but rather required the participation and completion of drug court as a *condition of probation,* as is evidenced in the Probation Revocation Order. Therefore, because the Defendant's drug court participation was a condition of probation rather than a community corrections sentence, the trial court properly denied credit based on Tennessee Code Annotated section 40-36-104(e). The Defendant is not entitled to relief.

### III. Conclusion

Based on the foregoing reasoning and authorities, we conclude the trial court had jurisdiction to revoke the Defendant's probation, and the Defendant is not entitled to jail credit for her time spent participating in drug court. As such, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE